IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTHA SEVILLA, Independent Administrator of the Estate of MARIA QUINTANA, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA by its employee, ACCESS COMMUNITY HEALTH NETWORK and THE UNITED STATES OF AMERICA, by its employee MARYAM SIDDIQUI, M.D.<br><br>Defendants. | No.: |

## COMPLAINT FOR NEGLIGENCE – PERSONAL INJURY

NOW COMES Plaintiff, MARTHA SEVILLA, Independent Administrator of the Estate of MARIA QUINTANA, deceased, by and through her attorneys, MARINO & SIMONETTI, and complaining of Defendants, UNITED STATES OF AMERICA, by its employee, ACCESS COMMUNITY HEALTH NETWORK and UNITED STATES OF AMERICA by its employee MARYAM SIDDIQUI, M.D.; states as follows:

### INTRODUCTION

1. Plaintiff, MARTHA SEVILLA, Independent Administrator of the Estate of MARIA QUINTANA, deceased, brings this claim for money damages for personal injury caused by the negligent acts and or omissions of Department of Health & Human Services and its agents or employees pursuant to the Federal Tort Claims Act (hereinafter referred to as FTCA), 28 U.S.C. 1346(b).

## JURISDICTIONAL STATEMENT

2. This action is brought pursuant to the FTCA, 28 U.S.C. 1346(b), in that the conduct of the UNITED STATES OF AMERICA through the Department of Health & Human Services through its employees ACCESS COMMUNITY HEALTH NETWORK, and MARYAM SIDDIQUI, M.D., constituted negligence under Illinois law, and that said negligence resulted in injuries and other damages to the Plaintiff. This claim is filed pursuant to 28 U.S.C. § 2679(d)(5) and 28 U.S.C. § 1346(b)(1).

3. Plaintiff filed a timely administrative claim in compliance with 28 U.S.C. 2675, using Form 95 and attachments, and the Department of Health and Human Services (hereinafter referred to as Department) acknowledged receipt of the Form 95 on January 25, 2010.

4. The Department denied Plaintiff's claim on July 25, 2010.

5. All of the acts and events giving rise to the complaint occurred in this federal judicial district, and Plaintiff and the Defendants reside in this district. Venue is thus proper under the general venue provision of the Judicial Code, 28 U.S.C. §1391.

## COMMON FACTS

6. That on or about October 13, 2008, Plaintiff's decedent, MARIA QUINTANA, presented herself to Mount Sinai Hospital in Chicago, Illinois, for the diagnosis and treatment of fibroids.

7. That on or about October 13, 2008, various doctors and healthcare providers, including ACCESS COMMUNITY HEALTH NETWORK and MARYAM SIDDIQUI, M.D. performed an elective hysterectomy upon Plaintiff's decedent MARIA QUINTANA, at Mount Sinai Hospital.

8. That thereafter Plaintiff's decedent, MARIA QUINTANA, developed a perforation of her proximal jejunum and sepsis, which continued until her death on October 18, 2008.

9. That on October 13, 2008 and at all times thereafter, ACCESS COMMUNITY HEALTH NETWORK, and MARYAM SIDDIQUI, M.D., were employees, agents and servants of the UNITED STATES OF AMERICA.

## COUNT I

### SURVIVAL ACTION AGAINST THE UNITED STATES OF AMERICA BY AND THROUGH ITS EMPLOYEE, AGENT AND SERVANT, ACCESS COMMUNITY HEALTH NETWORK

1.-9. Plaintiff hereby repeats and realleges paragraphs 1 - 9 as and for paragraphs 1 - 9 of this Count I.

10. That on and long prior to October 13, 2008 and thereafter, the Defendant, the UNITED STATES OF AMERICA through its employee, agent and servant, MARYAM SIDDIQUI, M.D., held herself out to the public generally and to the community in which she practiced as a highly-skilled, well-qualified and competent physician.

11. That on and long prior to October 13, 2008, and thereafter, the Defendant, the UNITED STATES OF AMERICA through its employee, agent and servant, ACCESS COMMUNITY HEALTH NETWORK, through its physicians, employees, agents, and servants, held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois.

12. That on and prior to October 13, 2008 and at all times relevant herein, the Defendant, the UNITED STATES OF AMERICA by its employee, MARYAM SIDDIQUI,

M.D., was an agent, employee and servant of the Defendant, the UNITED STATES OF AMERICA by its employee, ACCESS COMMUNITY HEALTH NETWORK.

13. That on or about October 13, 2008, Plaintiff's decedent, MARIA QUINTANA, presented herself to the Defendant, the UNITED STATES OF AMERICA by its employees, agents and servants, MARYAM SIDDIQUI, M.D., and ACCESS COMMUNITY HEALTH NETWORK, for the diagnosis and treatment of fibroids and said Defendants accepted MARIA QUINTANA as a patient for consideration.

14. That on or about October 13, 2008 and thereafter, Defendant, the UNITED STATES OF AMERICA by and through its employee, agent and servant, ACCESS COMMUNITY HEALTH NETWORK, and by and through its employee, agent and servant, MARYAM SIDDIQUI, M.D., and its other employees, agents, and servants carelessly and negligently:

    a. Examined and treated MARIA QUINTANA;

    b. While performing an elective hysterectomy upon MARIA QUINTANA, caused an approximately three quarter inch perforation of the proximal jejunum;

    c. While performing an elective hysterectomy upon MARIA QUINTANA failed to realize that they had caused an approximately three quarter inch perforation of the proximal jejunum;

    d. Failed to repair the perforation of the proximal jejunum during the elective hysterectomy;

    e. Failed to call for a general surgeon to perform the repair of the proximal jejunum during the elective hysterectomy;

    f. When MARIA QUINTANA's condition continued to deteriorate following the elective hysterectomy, failed to perform an exploratory surgery to repair the perforation or have a general surgeon reexplore the surgery to repair the perforation;

    g. Failed to recognize the signs and symptoms of a perforated jejunum.

4

15. As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendant, the UNITED STATES OF AMERICA by and through its employees, ACCESS COMMUNITY HEALTH NETWORK and MARYAM SIDDIQUI, M.D., and its other employees, the perforation of Plaintiff's decedent's, MARIA QUINTANA, proximal jejunum was not diagnosed during the October 13, 2008 surgery and remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis.

16. That thereby Plaintiff's decedent, MARIA QUINTANA, continued to suffer great pain, was permanently hindered from attending to her normal affairs and duties, and was compelled to expend or become liable for large sums of money for the ongoing care and treatment of her injuries, and all of the foregoing continued until her death on October 18, 2008.

17. That the Probate Court of Cook County entered an Order appointing Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, for the purpose of pursuing this cause of action.

18. That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, brings this action pursuant to 755 ILCS 5/27-6, an act generally known and commonly referred to as the Survival Act.

WHEREFORE, the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, asks for judgment against the Defendant, the UNITED STATES OF AMERICA, by and through its employee, agent and servant, ACCESS COMMUNITY HEALTH NETWORK, as follows:

1. For the sum of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00);

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem just and proper.

## COUNT II

### WRONGFUL DEATH ACTION AGAINST THE UNITED STATES OF AMERICA BY AND THROUGH ITS EMPLOYEE, AGENT AND SERVANT, ACCESS COMMUNITY HEALTH NETWORK

1. - 9. Plaintiff hereby repeats and realleges paragraphs 1 - 9 as and for paragraphs 1 - 9 of this Count II.

10. That on and long prior to October 13, 2008 and thereafter, the Defendant, the UNITED STATES OF AMERICA through its employee, agent and servant, MARYAM SIDDIQUI, M.D., held herself out to the public generally and to the community in which she practiced as a highly-skilled, well-qualified and competent physician.

11. That on and long prior to October 13, 2008 and thereafter, the Defendant, the UNITED STATES OF AMERICA through its employee, agent and servant, ACCESS COMMUNITY HEALTH NETWORK, through its physicians, employees, agents, and servants, held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois.

12. That on and prior to October 13, 2008 and at all times relevant herein, the Defendant, the UNITED STATES OF AMERICA by its employee, MARYAM SIDDIQUI, M.D., was an agent, employee and servant of the Defendant, the UNITED STATES OF AMERICA by its employee, ACCESS COMMUNITY HEALTH NETWORK.

13. That on or about October 13, 2008, Plaintiff's decedent, MARIA QUINTANA, presented herself to the Defendant, the UNITED STATES OF AMERICA by its employees, agents and servants, MARYAM SIDDIQUI, M.D., and ACCESS COMMUNITY HEALTH

6

NETWORK, for the diagnosis and treatment of fibroids and said Defendants accepted MARIA QUINTANA as a patient for consideration.

14. That on or about October 13, 2008 and thereafter, Defendant, the UNITED STATES OF AMERICA by and through its employee, agent and servant, ACCESS COMMUNITY HEALTH NETWORK, and by and through its employee, agent and servant, MARYAM SIDDIQUI, M.D., and its other employees, agents, and servants carelessly and negligently:

    a. Examined and treated MARIA QUINTANA;

    b. While performing an elective hysterectomy upon MARIA QUINTANA, caused an approximately three quarter inch perforation of the proximal jejunum;

    c. While performing an elective hysterectomy upon MARIA QUINTANA failed to realize that they had caused an approximately three quarter inch perforation of the proximal jejunum;

    d. Failed to repair the perforation of the proximal jejunum during the elective hysterectomy;

    e. Failed to call for a general surgeon to perform the repair of the proximal jejunum during the elective hysterectomy;

    f. When MARIA QUINTANA's condition continued to deteriorate following the elective hysterectomy, failed to perform an exploratory surgery to repair the perforation or have a general surgeon reexplore the surgery to repair the perforation;

    g. Failed to recognize the signs and symptoms of a perforated jejunum.

15. As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendant, the UNITED STATES OF AMERICA by and through its employees, agents and servants, ACCESS COMMUNITY HEALTH NETWORK, and MARYAM SIDDIQUI, M.D., and its other employees, agents and servants, the perforation of Plaintiff's decedent's, MARIA QUINTANA, proximal jejunum was not diagnosed during the

7

October 13, 2008 surgery and remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis, thereby resulting in her death on October 18, 2008.

16. That the decedent, MARIA QUINTANA, left surviving her husband MIGUEL SEVILLA, and her children, MARTHA SEVILLA, REYNA SEVILLA, JUAN CARLOS SEVILLA and MIGUEL ANGEL SEVILLA who have suffered pecuniary damages and loss as a result of the death of MARIA QUINTANA.

17. That the Probate Court of Cook County entered an Order appointing Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, for the purpose of pursuing this cause of action.

18. That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, brings this action as the duly Appointed Independent Administrator of the Estate of MARIA QUINTANA, deceased, pursuant to the Illinois Wrongful Death Statute, 740 ILCS 180/2.1 et. seq.

WHEREFORE, the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, asks for judgment against the Defendant, the UNITED STATES OF AMERICA by and through its employee, agent and servant, ACCESS COMMUNITY HEALTH NETWORK, as follows:

1. For the sum of Seven Million Dollars ($7,000,000.00);
2. For costs of suit herein incurred; and
3. For such other and further relief as the Court may deem just and proper.

## COUNT III

### SURVIVAL ACTION AGAINST THE UNITED STATES OF AMERICA BY AND THROUGH ITS EMPLOYEE, AGENT AND SERVANT, MARYAM SIDDIQUI, M.D.

1.- 9. Plaintiff hereby repeats and realleges paragraphs 1 - 9 as and for paragraphs 1 - 9 of this Count III.

10. That on and long prior to October 13, 2008 and thereafter, the Defendant, the UNITED STATES OF AMERICA through its employee, agent and servant, MARYAM SIDDIQUI, M.D., held herself out to the public generally and to the community in which she practiced as a highly-skilled, well-qualified and competent physician.

11. That on and long prior to October 13, 2008, and thereafter, the Defendant, the UNITED STATES OF AMERICA, through its employee, agent and servant, ACCESS COMMUNITY HEALTH NETWORK, through its physicians, employees, agents, and servants, held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois.

12. That on and prior to October 13, 2008 and at all times relevant herein, the Defendant, the UNITED STATES OF AMERICA by its employee, MARYAM SIDDIQUI, M.D., was an agent, employee, and servant of the Defendant, the UNITED STATES OF AMERICA by its employee, ACCESS COMMUNITY HEALTH NETWORK.

13. That on or about October 13, 2008, Plaintiff's decedent, MARIA QUINTANA, presented herself to the Defendant, the UNITED STATES OF AMERICA by its employees, agents and servants, MARYAM SIDDIQUI, M.D., and ACCESS COMMUNITY HEALTH NETWORK, for the diagnosis and treatment of fibroids and said Defendants accepted MARIA QUINTANA as a patient for consideration.

14. That on or about October 13, 2008 and thereafter, Defendant, the UNITED STATES OF AMERICA by and through its employee, agent and servant, MARYAM SIDDIQUI, M.D., carelessly and negligently:

a. Examined and treated MARIA QUINTANA;

b. While performing an elective hysterectomy upon MARIA QUINTANA, caused an approximately three quarter inch perforation of the proximal jejunum;

c. While performing an elective hysterectomy upon MARIA QUINTANA failed to realize that they had caused an approximately three quarter inch perforation of the proximal jejunum;

d. Failed to repair the perforation of the proximal jejunum during the elective hysterectomy;

e. Failed to call for a general surgeon to perform the repair of the proximal jejunum during the elective hysterectomy;

f. When MARIA QUINTANA's condition continued to deteriorate following the elective hysterectomy, failed to perform an exploratory surgery to repair the perforation or have a general surgeon reexplore the surgery to repair the perforation;

g. Failed to recognize the signs and symptoms of a perforated jejunum.

15. As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendant, the UNITED STATES OF AMERICA by and through its employee, agent and servant, MARYAM SIDDIQUI, M.D., the perforation of Plaintiff's decedent's, MARIA QUINTANA, proximal jejunum was not diagnosed during the October 13, 2008 surgery and remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis.

16. That thereby Plaintiff's decedent, MARIA QUINTANA, continued to suffer great pain, was permanently hindered from attending to her normal affairs and duties, and was compelled to expend or become liable for large sums of money for the ongoing care and treatment of her injuries, and all of the foregoing continued until her death on October 18, 2008.

17. That the Probate Court of Cook County entered an Order appointing Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, for the purpose of pursuing this cause of action.

18. That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, brings this action pursuant to 755 ILCS 5/27-6, an act generally known and commonly referred to as the Survival Act.

WHEREFORE, the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, asks for judgment against the Defendant, the UNITED STATES OF AMERICA by its employee, agent and servant, MARYAM SIDDIQUI, M.D., as follows:

1. For the sum of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00);

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem just and proper.

## COUNT IV

**WRONGFUL DEATH ACTION AGAINST THE UNITED STATES OF AMERICA BY AND THROUGH ITS EMPLOYEE, AGENT AND SERVANT MARYAM SIDDIQUI, M.D.**

1.-9. Plaintiff hereby repeats and realleges paragraphs 1 - 9 as and for paragraphs 1 - 9 of this Count IV.

10. That on and long prior to October 13, 2008 and thereafter, the Defendant, the UNITED STATES OF AMERICA through its employee, agent and servant, MARYAM SIDDIQUI, M.D., held herself out to the public generally and to the community in which she practiced as a highly-skilled, well-qualified and competent physician.

11. That on and long prior to October 13, 2008 and thereafter, the Defendant, the UNITED STATES OF AMERICA through its employee, agent and servant, ACCESS COMMUNITY HEALTH NETWORK, through its physicians, employees, agents, and servants, held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois.

12. That on and prior to October 13, 2008 and at all times relevant herein, the Defendant, the UNITED STATES OF AMERICA by its employee, MARYAM SIDDIQUI, M.D., was an agent, employee and servant of the Defendant, the UNITED STATES OF AMERICA by its employee, ACCESS COMMUNITY HEALTH NETWORK.

13. That on or about October 13, 2008, Plaintiff's decedent, MARIA QUINTANA, presented herself to the Defendant, the UNITED STATES OF AMERICA by its employees, agents and servants, MARYAM SIDDIQUI, M.D., and ACCESS COMMUNITY HEALTH NETWORK, for the diagnosis and treatment of fibroids and said Defendants accepted MARIA QUINTANA as a patient for consideration.

14. That on or about October 13, 2008 and thereafter, Defendant, the UNITED STATES OF AMERICA, by and through its employee, agent and servant, MARYAM SIDDIQUI, M.D., carelessly and negligently:

    a. Examined and treated MARIA QUINTANA;

    b. While performing an elective hysterectomy upon MARIA QUINTANA, caused an approximately three quarter inch perforation of the proximal jejunum;

    c. While performing an elective hysterectomy upon MARIA QUINTANA failed to realize that they had caused an approximately three quarter inch perforation of the proximal jejunum;

    d. Failed to repair the perforation of the proximal jejunum during the elective hysterectomy;

e. Failed to call for a general surgeon to perform the repair of the proximal jejunum during the elective hysterectomy;

f. When MARIA QUINTANA's condition continued to deteriorate following the elective hysterectomy, failed to perform an exploratory surgery to repair the perforation or have a general surgeon reexplore the surgery to repair the perforation;

g. Failed to recognize the signs and symptoms of a perforated jejunum.

15. As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendant, the UNITED STATES OF AMERICA by and through its employee, agent and servant, MARYAM SIDDIQUI, M.D., the perforation of Plaintiff's decedent's, MARIA QUINTANA, proximal jejunum was not diagnosed during the October 13, 2008 surgery and remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis, thereby resulting in her death on October 18, 2008.

16. That the decedent, MARIA QUINTANA, left surviving her husband MIGUEL SEVILLA, and her children, MARTHA SEVILLA, REYNA SEVILLA, JUAN CARLOS SEVILLA and MIGUEL ANGEL SEVILLA who have suffered pecuniary damages and loss as a result of the death of MARIA QUINTANA.

17. That the Probate Court of Cook County entered an Order appointing Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, for the purpose of pursuing this cause of action.

18. That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, brings this action as the duly Appointed Independent Administrator of the Estate of MARIA QUINTANA, deceased, pursuant to the Illinois Wrongful Death Statute, 740 ILCS 180/2.1 et. seq.

WHEREFORE, the Plaintiff, MARTHA SEVILLA, as Special Administrator of the Estate of MARIA QUINTANA, deceased, asks for judgment against the Defendant, the UNITED STATES OF AMERICA by and through its employee, agent and servant MARYAM SIDDIQUI, M.D., as follows:

1. For the sum of One Million Two Hundred Fifty Thousand Dollars ($7,000,000.00);

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem just and proper.

        MARTHA SEVILLA, Independent Administrator of the Estate of MARIA QUINTANA, Deceased, Plaintiff,

By: /s/ Frank C. Marino
Frank C. Marino
One of Plaintiff's Attorneys

MARINO & SIMONETTI
134 N. LaSalle Street, Suite 1450
Chicago, Illinois 60602
(312) 920-9302

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTHA SEVILLA, Independent Administrator of the Estate of MARIA QUINTANA, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA by its employee, ACCESS COMMUNITY HEALTH NETWORK and THE UNITED STATES OF AMERICA, by its employee MARYAM SIDDIQUI, M.D.<br><br>Defendants. | No.: |

### AFFIDAVIT OF ATTORNEY

Frank C. Marino being first duly sworn on oath, states:

1. That Affiant is the attorney for the Plaintiff.

2. That the Affiant has consulted and reviewed the facts of this case with health professionals who the affiant reasonably believes:

   (I) are knowledgeable in the relevant issues involved in this particular action;

   (ii) practices or have practiced within the last 6 years or teaches or have taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action; and

   (iii) are qualified by experience or demonstrated competence in the subject of the case.

3. That the reviewing health professionals have determined in written reports, after a review of the medical records and other relevant material involved in this particular action that there is a reasonable and meritorious cause for filing of such action.

4. That Affiant has concluded on the basis of the reviewing health professionals' review and consultation that there is a reasonable and meritorious cause for filing of such action.

5. That the reviewing health professionals are physicians licenced to practice medicine in all its branches.

6. That a copy of the written reports, clearly identifying the defendants and the reasons for the reviewing health professionals' determination that a reasonable and meritorious cause for the filing of the action exists, is attached to this affidavit.

FURTHER AFFIANT SAYETH NOT.

/s/ Frank C. Marino
Frank C. Marino

SUBSCRIBED AND SWORN to before me this 22th day of December, 2010.

_____
NOTARY PUBLIC

OFFICIAL SEAL
TASIA ZOTALIS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/14/13

June 16, 2009

Mr. Frank C. Marino
Marino & Simonetti
134 N. LaSalle Street
Suite 1450
Chicago, Illinois  60602

    Re:    Maria Quintana

Dear Mr. Marino:

    I am a Board Certified Obstetrician/Gynecologist and have been practicing in such area for the last six years and am familiar with the areas of medicine at issue in this matter. I have been provided with and have reviewed the following medical records of Maria Quintana:

1. Dr. Maryam Siddiqui of Access Community Health;

2. Mt. Sinai Medical Center hospitalization beginning on October 13, 2008 and ending on October 18, 2008.

    After reviewing the aforementioned, I have concluded that there is a reasonable and meritorious cause for the filing of an action against Dr. Maryam Siddiqui.

    The reason for the conclusions I have reached are as follows:

    On October 13, 2008, Maria Quintana underwent an elective hysterectomy, which was performed by Dr. Siddiqui, because of a history of fibroids. Following the surgery, on October 14, 2008, she had a high fever and on October 15, 2008 she had pain in the left lower quadrant and low blood pressure. This combination is ominous in postoperative patients.

    Because of her symptoms Dr. Siddiqui arranged to transfer Mrs. Quintana to the intensive care unit on October 16, 2008. Not until Mrs. Quintana was in the ICU was an appropriate antibiotic regimen begun. On October 16, 2008 a surgical consult was requested and an exploratory laparotomy was performed. The surgeon, Dr. Patel, discovered extensive sepsis and that there was a perforation of the proximal jejunum, which measured approximately three quarters of an inch. Dr. Patel removed the piece of the bowel that contained the perforation and then reconnected the bowel.

Mr. Marino
June 16, 2009
Page 2

Following surgery Maria Quintana continued to have episodes of hypotension and on October 18, 2008 she went into cardiopulmonary arrest. CPR was initiated but after multiple unsuccessful attempts, her family decided to withdraw care and Mrs. Quintana was pronounced dead.

It is not a violation of the standard of care to nick and repair the small bowel during a hysterectomy. However, the size of the perforation caused by Dr. Siddiqui and the fact that it occurred in the jejunum are violations of the applicable standard of care. Additionally, Dr. Siddiqui's failure to realize during the surgery that the perforation had occurred and get it repaired, is a violation of the standard of care.

Following the initial surgery, Mrs. Quintana's condition worsened, which should have raised a suspicion that a perforation of the bowel was causing her fever and low blood pressure. It was only until Mrs. Quintana had been transferred to the intensive care unit that a surgical consult was requested. Dr. Siddiqui's failure to reexplore or have a general surgeon reexplore her sooner was an additional violation of the standard of care.

The fact that Dr. Siddiqui caused a perforation measuring approximately three quarters of an inch in the jejunum, failed to recognize the perforation of the bowel during the surgery and her failure to reexplore her patient urgently allowed the extensive sepsis to remain untreated until October 16, 2008, when it was too late to improve Mrs. Quintana's condition. The aforementioned violations of the standard of care caused or contributed to Mrs. Quintana's death.