IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTHA SEVILLA, Independent Administrator of the Estate of MARIA QUINTANA, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | No. 10-cv-8165 |
| vs. | ) ) | Judge: Virginia M. Kendall |
| | ) | Magistrate: Jeffrey Cole |
| THE UNITED STATES OF AMERICA d/b/a ACCESS COMMUNITY HEALTH NETWORK AND THE UNITED STATES OF AMERICA by its employee MARYAM SIDDIQUI, M.D.; SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL; MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL; RAMESH PUNDI, M.D.; JOSEPH ROSSMAN, M.D.; THE MOUNT SINAI COMMUNITY FOUNDATION; FAYEZ KHEIR, M.D.; JEVON TANG, M.D.; ANNA GEVORGYAN, M.D.; ANITA HOLTZ, M.D.; ROSALIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF
CHICAGO (Incorrectly sued herein as "MOUNT SINAI HOSPITAL MEDICAL
CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL")** and in answer to Plaintiff's
Second Amended Complaint states as follows:

**INTRODUCTION**

1. Plaintiff, MARTHA SEVILLA, Independent Administrator of the Estate of
MARIA QUINTANA, deceased, brings this claim for money damages for personal injury caused
by the, negligent acts and or omissions of Department of Health & Human Services and its

agents or employees pursuant to the Federal Tort Claims Act (hereinafter referred to as FTCA), 28 U.S.C. 1346(b) and against private defendants: SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL; MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL; RAMESH PUNDI, M.D.; JOSEPH ROSMAN, M.D.; THE MOUNT SINAI COMMUNITY FOUNDATION; FAYEZ KHEIR, M.D.; JEVON TANG, M.D.; ANNA GEVORGYAN, M.D.; ANITA HOLTZ, M.D.; ROSALIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE.

**ANSWER**:

This defendant admits the allegations of Paragraph 1 of the Introduction of Plaintiff's Second Amended Complaint.

## JURSIDICTIONAL STATEMENT

2.  This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C., in that the conduct of THE UNITED STATES OF AMERICA d/b/a ACCESS COMMUNITY HEALTH NETWORK, and THE UNITED STATES OF AMERICA by its employee, MARYAM SIDDIQUI, M.D., constituted negligence under Illinois law, and that said negligence resulted in injuries and other damages to the plaintiff. This claim is filed pursuant to 28 U.S.C. º 2679(d)(5) and 28 U.S.C. º 1346 (b)(1).

**ANSWER**:

The allegations of Paragraph 2 of the Jurisdictional Statement of Plaintiff's Second Amended Complaint do not pertain to this defendant. Therefore, this defendant makes no answer thereto and denies that it is obligated to do so.

3.  Plaintiff filed a timely administrative claim in compliance with 28 U.S.C. 2675,

using Form 95 and attachments, and the Department of Health and Human Services (hereinafter

referred to as Department) acknowledged receipt of the Form 95 on January 25, 2010

**ANSWER**:

The allegations of Paragraph 3 of the Jurisdictional Statement of Plaintiff's Second
Amended Complaint do not pertain to this defendant. Therefore, this defendant denies that it is
obligated to make an answer thereto. Furthermore, this Defendant does not have sufficient
knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of
the Jurisdictional Statement of Plaintiff's Second Amended Complaint.

4.  The Department denied Plaintiffs claim on July 25, 2010.

**ANSWER**:

The allegations of Paragraph 4 of the Jurisdictional Statement of Plaintiff's Second
Amended Complaint do not pertain to this defendant. Therefore, this defendant denies that it is
obligated to make an answer thereto. Furthermore, this Defendant does not have sufficient
knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of
the Jurisdictional Statement of Plaintiff's Second Amended Complaint.

5.  Furthermore, claims against the remaining Defendants, SINAI HEALTH

SYSTEM d/b/a MOUNT SINAI HOSPITAL; MOUNT SINAI HOSPITAL MEDICAL

CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL; RAMESH PUNDI, M.D.;

JOSEPH ROSMAN, M.D.; THE MOUNT SINAI COMMUNITY FOUNDATION; FAYEZ

KHEIR, M.D.; JEVON TANG, M.D.; ANNA GEVORGYAN, M.D.; ANITA HOLTZ, M.D.;

ROSALIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE, arise out of the same

common nucleus of operative facts, therefore this Court has supplemental jurisdiction over the

remaining claims. These claims are brought pursuant to 28 U.S.C. § 1367(a).

**ANSWER**:

This defendant admits the allegations of Paragraph 5 of the Jurisdictional Statement of Plaintiff's Second Amended Complaint.

6. All of the acts and events giving rise to the complaint occurred in this federal judicial district, and Plaintiff and the Defendants reside in this district. Venue is thus proper under the general venue provision of the Judicial Code, 28 U.S.C. § 1391(a).

**ANSWER**:

This defendant denies the allegations of Paragraph 6 of the Jurisdictional Statement of Plaintiff's Second Amended Complaint.

## COMMON FACTS

7. That on or about October 13, 2008, Plaintiffs decedent, MARIA QUINTANA, presented herself to Mount Sinai Hospital in Chicago, Illinois, for the diagnosis and treatment of fibroids.

**ANSWER**:

This defendant denies the allegations of Paragraph 7 of the Common Facts of Plaintiff's Second Amended Complaint.

8. That on or about October 13, 2008, various doctors and healthcare providers, including ACCESS COMMUNITY HEALTH NETWORK and MARYAM SIDDIQUI, M.D. performed an elective hysterectomy upon Plaintiff's decedent MARIA QUINTANA, at Mount Sinai Hospital.

**ANSWER**:

This defendant denies the allegations of Paragraph 8 of the Common Facts of Plaintiff's Second Amended Complaint.

9. That thereafter Plaintiff decedent, MARIA QUINTANA, developed a perforation of her proximal jejunum and sepsis, which continued until her death on October 18, 2008.

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Common Facts of Plaintiff's Second Amended Complaint.

10. That on October 13, 2008 and at all times thereafter, ACCESS COMMUNITY HEALTH NETWORK, and MARYAM SIDDIQUI, M.D., were employees, agents and servants of the UNITED STATES OF AMERICA.

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Common Facts of Plaintiff's Second Amended Complaint.

## COUNT I

### SURVIVAL ACTION AGAINST THE UNITED STATES OF AMERICA BY AND THROUGH ITS EMPLOYEE, AGENT AND SERVANT, ACCESS COMMUNITY HEALTH NETWORK

Count I of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

## COUNT II

### WRONGFUL DEATH ACTION AGAINST THE UNITED STATES OF AMERICA BY AND THROUGH ITS EMPLOYEE, AGENT AND SERVANT, ACCESS COMMUNITY HEALTH NETWORK

Count II of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

- 5 -

## COUNT III

### SURVIVAL ACTION AGAINST THE UNITED STATES OF AMERICA BY AND THROUGH ITS EMPLOYEE, AGENT AND SERVANT, MARYAM SIDDIQUI, M.D.

Count III of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

## COUNT IV

### WRONGFUL DEATH ACTION AGAINST THE UNITED STATES OF AMERICA BY AND THROUGH ITS EMPLOYEE, AGENT AND SERVANT, MARYAM SIDDIQUI, M.D.

Count IV of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

## COUNT V

### SURVIVAL AGAINST SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL

Count V of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

## COUNT VI

### WRONGFUL DEATH AGAINST SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL

Count VI of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

<u>COUNT VII</u>

**SURVIVAL ACTION AGAINST MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a , MOUNT SINAI HOSPITAL**

1. - 6.  Plaintiff hereby repeats and realleges paragraphs 1 and 5-9 as and for paragraphs 1 - 6 of this Count VII.

**ANSWER**:

1-6.    This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count VII of Plaintiff's Second Amended Complaint as if fully set forth herein.

7.  That on and long prior to October 13, 2008, and thereafter, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as MOUNT SINAI), held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois.

**ANSWER**:

This defendant denies the allegations of Paragraph 7 of Count VII of Plaintiff's Second Amended Complaint.

8.  That on and prior to October 13, 2008 and at all times relevant herein, the Defendant, MOUNT SINAI, had in its employ residents and hospitalists who were the employees, agents, and servants of MOUNT SINAI.

**ANSWER**:

This defendant admits only that on and prior to October 13, 2008, and at all times relevant herein, it had in its employ certain residents who were the employees and agents of this defendant.  This defendant denies that all residents who provided care within the hospital were its

employees and agents. This defendant denies any and all remaining allegations of Paragraph 8 of Count VII of Plaintiff's Second Amended Complaint.

9. That on or about October 13, 2008, Plaintiffs decedent, MARIA QUINTANA,

presented herself to the Defendant, MOUNT SINAI, for the diagnosis and treatment of fibroids

and said Defendant accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 9 of Count VII of Plaintiff's Second Amended Complaint.

10. That on or about October 13, 2009, Maryam Siddiqui, M.D., performed an

elective hysterectomy upon Plaintiffs decedent at MOUNT SINAI.

**ANSWER**:

This defendant admits the allegations of Paragraph 10 of Count VII of Plaintiff's Second Amended Complaint.

11. That on or about October 14, 15 and 16, 2008, Defendant, MOUNT SINAI, by

and through its residents, hospitalists, employees, agents, and servants carelessly and

negligently:

a.    Examined and treated MARIA QUINTANA;

b.    Failed to alert Maryam Siddiqui, M.D. of MARIA QUINTANA's worsening condition;

c.    Failed to alert any other physician of MARIA QUINTANA's worsening condition;

d.    Failed to recognize the signs and symptoms of a perforated jejunum;

e.    Failed to call for a general surgeon to examine MARIA QUINTANA;

f.    Delayed giving proper treatment to MARIA QUINTANA.

**ANSWER**:

This defendant denies the allegations of Paragraph 11 of Count VII of Plaintiff's Second Amended Complaint, including, but not limited to, subparagraphs "a" through "f."

12.   As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendant, MOUNT SINAI, by and through its residents, hospitalists, employees, agents, and servants, the perforation of Plaintiffs decedent's, MARIA QUINTANA, proximal jejunum was not diagnosed and remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis.

**ANSWER**:

This defendant denies the allegations of Paragraph 12 of Count VII of Plaintiff's Second Amended Complaint.

13.   That thereby Plaintiff's decedent, MARIA QUINTANA, continued to suffer great pain, was permanently hindered from attending to her normal affairs and duties, was compelled to expend or became liable for large sums of money for the ongoing care and treatment of her injuries, and all of the foregoing continued until her death on October 18, 2008.

**ANSWER**:

This defendant denies the allegations of Paragraph 13 of Count VII of Plaintiff's Second Amended Complaint.

14.   That the Probate Court of Cook County entered an Order appointing Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, for the purpose of pursuing this cause of action.

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or

falsity of the allegations contained in Paragraph 14 of Count VII of Plaintiff's Second Amended Complaint.

15. That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the

Estate of MARIA QUINTANA, deceased, brings this action pursuant to 755 ILCS 5/27-6, an act

generally known and commonly referred to as the Survival Act.

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 15 of Count VII of Plaintiff's Second Amended Complaint constitute allegations requiring an answer by this defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together with costs.

## COUNT VIII

### WRONGFUL DEATH ACTION AGAINST MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL

1. - 6. Plaintiff hereby repeats and realleges paragraphs 1 and 5-9 as and for paragraphs

1 - 6 of this Count VIII

**ANSWER**:

This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count VIII of Plaintiff's Second Amended Complaint as if fully set forth herein.

7. That on and long prior to October 13, 2008, and thereafter, the Defendant,

MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI

HOSPITAL, (hereinafter referred to as MOUNT SINAI), through its residents, hospitalists,

employees, agents, and servants, held itself out to the public generally as a highly skilled, well-

- 10 -

qualified and competent medical facility providing services to persons in Cook County, State of

Illinois

**ANSWER**:

      This defendant denies the allegations of Paragraph 7 of Count VIII of Plaintiff's Second
Amended Complaint.

      8.  That on and prior to October 13, 2008 and at all times relevant herein, the

Defendant, MOUNT SINAI, had in its employ residents and hospitalists who were employees,

agents, and servants of MOUNT SINAI.

**ANSWER**:

      This defendant admits only that on and prior to October 13, 2008, and at all times
relevant herein, it had in its employ certain residents who were the employees and agents of this
defendant.  This defendant denies that all residents who provided care within the hospital were its
employees and agents.  This defendant denies any and all remaining allegations of Paragraph 8 of
Count VIII of Plaintiff's Second Amended Complaint.

      9.  That on or about October 13, 2008, Plaintiff's decedent, MARIA QUINTANA,

presented herself to the Defendant, MOUNT SINAI, for the diagnosis and treatment of fibroids

and said Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

      This defendant denies the allegations of Paragraph 9 of Count VIII of Plaintiff's Second
Amended Complaint.

      10.  That on or about October 13, 2009, Maryam Siddiqui, M.D., performed an

elective hysterectomy upon Plaintiff's decedent at MOUNT SINAI.

**ANSWER**:

      This defendant admits the allegations of Paragraph 10 of Count VIII of Plaintiff's Second
Amended Complaint.

11. That on or about October 14, 15 and 16, 2008, Defendant, MOUNT SINAI, by and through its residents, hospitalists, employees, agents, and servants carelessly and negligently:

     a.     Examined and treated MARIA QUINTANA;

     b.     Failed to alert Maryam Siddiqui, M.D. of MARIA QUINTANA's worsening condition;

     c.     Failed to alert any other physician of MARIA QUINTANA's worsening condition;

     d.     Failed to recognize the signs and symptoms of a perforated jejunum;

     e.     Failed to call for a general surgeon to examine MARIA QUINTANA;

     f.     Delayed giving proper treatment to MARIA QUINTANA.

**ANSWER**:

This defendant denies the allegations of Paragraph 11 of Count VIII of Plaintiff's Second Amended Complaint, including, but not limited to, subparagraphs "a" through "f."

12.   As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendant, MOUNT SINAI, by and through its residents, hospitalists, employees, agents, and servants, the perforation of Plaintiff's decedent's, MARIA QUINTANA, proximal jejunum was not diagnosed and remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis, thereby resulting in her death on October 18, 2008.

**ANSWER**:

This defendant denies the allegations of Paragraph 12 of Count VIII of Plaintiff's Second Amended Complaint.

13.  That the decedent, MARIA QUINTANA, left surviving her husband MIGUEL

- 12 -

SEVILLA, and her children, MARTHA SEVILLA, REYNA SEVILLA, JUAN CARLOS

SEVILLA and MIGUEL ANGEL SEVILLA who have suffered pecuniary damages and loss as a

result of the death of MARIA QUINTANA.

**ANSWER**:

This defendant denies the allegations of Paragraph 13 of Count VIII of Plaintiff's Second
Amended Complaint.

14. That the Probate Court of Cook County entered an Order appointing Plaintiff,

MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA,

deceased, for the purpose of pursuing this cause of action.

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or
falsity of the allegations contained in Paragraph 14 of Count VIII of Plaintiff's Second Amended
Complaint.

15. That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the

Estate of MARIA QUINTANA, deceased, brings this action as the duly Appointed Independent

Administrator of the Estate of MARIA QUINTANA, deceased, pursuant to the Illinois

Wrongful Death Statute, 740 ILCS 180/2.1 et. seq.

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 15 of Count VIII of
Plaintiff's Second Amended Complaint constitute allegations requiring an answer by this
defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in
excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together
with costs.

- 13 -

<u>COUNT IX</u>

**SURVIVAL ACTION AGAINST RAMESH PUNDI, M.D., SINAI HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL and MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL**

1. - 6.  Plaintiff hereby repeats and realleges paragraphs 1 and 5-9 as and for paragraphs 1 - 6 of this Count IX.

**<u>ANSWER</u>**:

This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count IX of Plaintiff's Second Amended Complaint as if fully set forth herein.

7.  That on and long prior to October 13, 2008 and thereafter, the Defendant, RAMESH PUNDI, M.D., held himself out to the public generally and to the community in which he practiced as a highly-skilled, well-qualified and competent physician.

**<u>ANSWER</u>**:

This defendant denies the allegations of Paragraph 7 of Count IX of Plaintiff's Second Amended Complaint.

8.  That on and long prior to October 13, 2008, and thereafter, the Defendant, SINAI HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as SINAI HEALTH), held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois.

**<u>ANSWER</u>**:

This defendant denies the allegations of Paragraph 8 of Count IX of Plaintiff's Second Amended Complaint.

9.  That on and long prior to October 13, 2008, and thereafter, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI

- 14 -

HOSPITAL, (hereinafter referred to as MOUNT SINAI), held itself out to the public generally

as a highly skilled, well-qualified and competent medical facility providing services to persons

in Cook County, State of Illinois.

**ANSWER**:

    This defendant denies the allegations of Paragraph 9 of Count IX of Plaintiff's Second
Amended Complaint.

    10.  That on and prior to October 13, 2008 and at all times relevant herein, the

Defendant, RAMESH PUNDI, M.D., was a resident, agent, employee and servant of the

Defendant, SINAI HEALTH.

**ANSWER**:

    This defendant denies the allegations of Paragraph 10 of Count IX of Plaintiff's Second
Amended Complaint.

    11.  That on and prior to October 13, 2008 and at all times relevant herein, the

Defendant, RAMESH PUNDI, M.D., was a resident, agent, employee and servant of the

Defendant, MOUNT SINAI.

**ANSWER**:

    This defendant admits the allegations of Paragraph 11 of Count IX of Plaintiff's Second
Amended Complaint.

    12.  That on or about October 13, 2008, Plaintiff's decedent, MARIA QUINTANA,

presented herself to the Defendant, SINAI HEALTH, for the diagnosis and treatment of fibroids

and said Defendant accepted MAMA QUINTANA as a patient for consideration.

- 15 -

**ANSWER**:

This defendant denies the allegations of Paragraph 12 of Count IX of Plaintiff's Second Amended Complaint.

13.  That on or about October 13, 2008, Plaintiff's decedent, MARIA QUINTANA, presented herself to the Defendant, MOUNT SINAI, for the diagnosis and treatment of fibroids and said Defendant accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 13 of Count IX of Plaintiff's Second Amended Complaint.

14.  That on or about October 13, 2009, RAMESH PUNDI, M.D., assisted during an elective hysterectomy upon Plaintiff's decedent at MOUNT SINAI HOSPITAL and he continued to provide her medical care thereafter while she was an inpatient at MOUNT SINAI HOSPITAL.

**ANSWER**:

This defendant admits the allegations of Paragraph 14 of Count IX of Plaintiff's Second Amended Complaint.

15.  That on or about October 13, 2008, and thereafter, Defendant, RAMESH PUNDI, M.D., individually and MOUNT SINAI, by and through its resident, employee, agent, and servant, RAMESH PUNDI, M.D., and SINAI HEALTH, by and through its resident, employee, agent and servant, RAMESH PUNDI, M.D., carelessly and negligently:

a.      Examined and treated MARIA QUINTANA;

b.      Failed to alert Maryam Siddiqui, M.D. of MARIA QUINTANA's worsening condition;

c.      Failed to alert any other physician of MARIA QUINTANA's worsening

condition;

    d.       Failed to recognize the signs and symptoms of a perforated jejunum;

    e.       Failed to call for a general surgeon to examine MARIA QUINTANA;

    f.       Delayed giving proper treatment to MARIA QUINTANA;

    g.       While performing an elective hysterectomy upon MARIA QUINTANA failed to realize that they had caused an approximately three quarter inch perforation of the proximal jejunum;

    h.       Failed to repair the perforation of the proximal jejunum during the elective hysterectomy;

    i.       Failed to call for a general surgeon to perform the repair of the proximal jejunum during the elective hysterectomy.

**ANSWER**:

      This defendant denies the allegations of Paragraph 15 of Count IX of Plaintiff's Second Amended Complaint, including, but not limited to, subparagraphs "a" through "i."

      16.  As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendants, RAMESH PUNDI, M.D., individually and MOUNT SINAI, by and through its resident, employee, agent, and servant, RAMESH PUNDI, M.D., and SINAI HEALTH, by and through its resident, employee, agent and servant, RAMESH PUNDI, M.D., the perforation of Plaintiff's decedent's, MARIA QUINTANA, proximal jejunum was not diagnosed during the October 13, 2008 surgery and remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis.

**ANSWER**:

      This defendant denies the allegations of Paragraph 16 of Count IX of Plaintiff's Second Amended Complaint.

17.   That thereby Plaintiff's decedent, MARIA QUINTANA, continued to suffer great

pain, was permanently hindered from attending to her normal affairs and duties, was compelled

to expend or became liable for large sums of money for the ongoing care and treatment of her

injuries, and all of the foregoing continued until her death on October 18, 2008.

**ANSWER**:

This defendant denies the allegations of Paragraph 17 of Count IX of Plaintiff's Second
Amended Complaint.

18.   That the Probate Court of Cook County entered an Order appointing Plaintiff,

MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA,

deceased, for the purpose of pursuing this cause of action.

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or
falsity of the allegations contained in Paragraph 18 of Count IX of Plaintiff's Second Amended
Complaint.

19.   That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the

Estate of MARIA QUINTANA, deceased, brings this action pursuant to 755 ILCS 5/27-6, an act

generally known and commonly referred to as the Survival Act.

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 19 of Count IX of Plaintiff's
Second Amended Complaint constitute allegations requiring an answer by this defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in
excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together
with costs.

<u>COUNT X</u>

**WRONGFUL DEATH AGAINST RAMESH PUNDI, M.D., SINAI HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL and MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL**

1. - 6.   Plaintiff hereby repeats and realleges paragraphs 1 and 5-9 as and for paragraphs 1 - 6 of this Count X.

**ANSWER**:

This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count X of Plaintiff's Second Amended Complaint as if fully set forth herein.

7. That on and long prior to October 13, 2008 and thereafter, the Defendant, RAMESH PUNDI, M.D., held himself out to the public generally and to the community in which he practiced as a highly-skilled, well-qualified and competent physician.

**ANSWER**:

This defendant denies the allegations of Paragraph 7 of Count X of Plaintiff's Second Amended Complaint.

8. That on and long prior to October 13, 2008, and thereafter, the Defendant, SINAI HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as SINAI HEALTH), held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois

**ANSWER**:

This defendant denies the allegations of Paragraph 8 of Count X of Plaintiff's Second Amended Complaint.

9. That on and long prior to October 13, 2008, and thereafter, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI

HOSPITAL, (hereinafter referred to as MOUNT SINAI), held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois.

**ANSWER**:

This defendant denies the allegations of Paragraph 9 of Count X of Plaintiff's Second Amended Complaint.

10.   That on and prior to October 13, 2008 and at all times relevant herein, the Defendant, RAMESH PUNDI, M.D., was a resident, agent, employee and servant of the Defendant, SINAI HEALTH.

**ANSWER**:

This defendant denies the allegations of Paragraph 10 of Count X of Plaintiff's Second Amended Complaint.

11.   That on and prior to October 13, 2008 and at all times relevant herein, the Defendant, RAMESH PUNDI, M.D., was a resident, agent, employee and servant of the Defendant, MOUNT SINAI.

**ANSWER**:

This defendant admits the allegations of Paragraph 11 of Count X of Plaintiff's Second Amended Complaint.

12.   That on or about October 13, 2008, Plaintiffs decedent, MARIA QUINTANA, presented herself to the Defendant, SINAI HEALTH, for the diagnosis and treatment of fibroids and said Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 12 of Count X of Plaintiff's Second Amended Complaint.

- 20 -

13. That on or about October 13, 2008, Plaintiffs decedent, MARIA QUINTANA, presented herself to the Defendant, MOUNT SINAI, for the diagnosis and treatment of fibroids and said Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 13 of Count X of Plaintiff's Second Amended Complaint.

14. That on or about October 13, 2009, RAMESH PUNDI, M.D., assisted during an elective hysterectomy upon Plaintiffs decedent at MOUNT SINAI HOSPITAL and he continued to provide her medical care thereafter while she was an inpatient at MOUNT SINAI HOSPITAL.

**ANSWER**:

This defendant admits the allegations of Paragraph 14 of Count X of Plaintiff's Second Amended Complaint.

15. That on or about October 13, 2008, and thereafter, Defendants, RAMESH PUNDI, M.D., individually and MOUNT SINAI, by and through its resident, employee, agent, and servant, RAMESH PUNDI, M.D., and SINAI HEALTH by and through its resident, employee, agent and servant, RAMESH PUNDI, M.D., carelessly and negligently:

    a.    Examined and treated MARIA QUINTANA;

    b.    Failed to alert Maryam Siddiqui, M.D. of MARIA QUINTANA's worsening condition;

    c.    Failed to alert any other physician of MARIA QUINTANA's worsening condition;

    d.    Failed to recognize the signs and symptoms of a perforated jejunum;

- 21 -

    e.        Failed to call for a general surgeon to examine MARIA QUINTANA;

    f.        Delayed giving proper treatment to MARIA QUINTANA;

    g.        While performing an elective hysterectomy upon MARIA QUINTANA failed to realize that they had caused an approximately three quarter inch perforation of the proximal jejunum;

    h.        Failed to repair the perforation of the proximal jejunum during the elective hysterectomy;

    i.        Failed to call for a general surgeon to perform the repair of the proximal jejunum during the elective hysterectomy.

**ANSWER**:

    This defendant denies the allegations of Paragraph 15 of Count X of Plaintiff's Second Amended Complaint, including, but not limited to, subparagraphs "a" through "i."

    16.  As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendants, RAMESH PUNDI, M.D., individually and MOUNT SINAI, by and through its resident, employee, agent, and servant, RAMESH PUNDI, M.D., and SINAI HEALTH, by and through its resident, employee, agent and servant, RAMESH PUNDI, M.D., the perforation of Plaintiff's decedent's, MARIA QUINTANA, proximal jejunum was not diagnosed during the October 13, 2008 surgery and remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis, thereby resulting in her death on October 18, 2008.

**ANSWER**:

    This defendant denies the allegations of Paragraph 16 of Count X of Plaintiff's Second Amended Complaint.

17.  That the decedent, MARIA QUINTANA, left surviving her husband MIGUEL

SEVILLA, and her children, MARTHA SEVILLA, REYNA SEVILLA, JUAN CARLOS

SEVILLA and MIGUEL ANGEL SEVILLA who have suffered pecuniary damages and loss as a

result of the death of MARIA QUINTANA.

**ANSWER**:

This defendant denies the allegations of Paragraph 17 of Count X of Plaintiff's Second
Amended Complaint.

18.  That the Probate Court of Cook County entered an Order appointing Plaintiff,

MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA,

deceased, for the purpose of pursuing this cause of action.

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or
falsity of the allegations contained in Paragraph 18 of Count X of Plaintiff's Second Amended
Complaint.

19.  That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the

Estate of MARIA QUINTANA, deceased, brings this action as the duly Appointed Independent

Administrator of the Estate of MARIA QUINTANA, deceased, pursuant to the Illinois

Wrongful Death Statute, 740 ILCS 180/2.1 et. seq.

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 19 of Count X of Plaintiff's
Second Amended Complaint constitute allegations requiring an answer by this defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in
excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together
with costs.

## COUNT XI

### SURVIVAL ACTION AGAINST JOSEPH ROSMAN, M.D., and
### THE MOUNT SINAI COMMUNITY FOUNDATION

Count XI of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

## COUNT XII

### WRONGFUL DEATH ACTION AGAINST JOSEPH ROSMAN, M.D., and
### THE MOUNT SINAI COMMUNITY FOUNDATION

Count XII of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

## COUNT XIII

### SURVIVAL ACTION AGAINST JOSEPH ROSMAN, M.D., MOUNT SINAI HOSPITAL
### MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL, and
### SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL

1. - 6.  Plaintiff hereby repeats and realleges paragraphs 1 and 5-9 as and for paragraphs

1 - 6 of this Count XIII

**ANSWER**:

This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count XIII of Plaintiff's Second Amended Complaint as if fully set forth herein.

7.  That on and long prior to October 13, 2008 and thereafter, the Defendant,

JOSEPH ROSMAN, M.D. held himself out to the public generally and to the community in

which he practiced as a highly-skilled, well-qualified and competent physician.

- 24 -

**ANSWER**:

This defendant admits the allegations of Paragraph 7 of Count XIII of Plaintiff's Second Amended Complaint.

8. That on and long prior to October 13, 2008, and thereafter, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as MOUNT SINAI), held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois.

**ANSWER**:

This defendant denies the allegations of Paragraph 8 of Count XIII of Plaintiff's Second Amended Complaint.

9. That on and long prior to October 13, 2008, and thereafter, the Defendant, SINAI HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as SINAI HEALTH), held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois.

**ANSWER**:

This defendant denies the allegations of Paragraph 9 of Count XIII of Plaintiff's Second Amended Complaint.

10. That on and prior to October 13, 2008 and at all times relevant herein, the Defendant, JOSEPH ROSMAN, M.D., was an agent, employee and servant of the Defendant, SINAI HEALTH.

**ANSWER**:

This defendant denies the allegations of Paragraph 10 of Count XIII of Plaintiff's Second Amended Complaint.

11.   That on and prior to October 13, 2008 and at all times relevant herein, the

Defendant, JOSEPH ROSMAN, M.D., was an agent, employee and servant of the Defendant,

MOUNT SINAI.

**ANSWER**:

This defendant denies the allegations of Paragraph 11 of Count XIII of Plaintiff's Second
Amended Complaint.

12.   That on or about October 15 and 16, 2008, Plaintiff's decedent, MARIA

QUINTANA, was an inpatient at MOUNT SINAI HOSPITAL, following surgery and she came

under the care of and treatment of JOSEPH ROSMAN, M.D., and MOUNT SINAI, and said

Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 12 of Count XIII of Plaintiff's Second
Amended Complaint.

13.   That on or about October 15 and 16, 2008, Plaintiffs decedent, MARIA

QUINTANA, was an inpatient at Defendant, MOUNT SINAI HOSPITAL, following surgery

and she came under the care and treatment of JOSEPH ROSMAN, M.D., and SINAI HEALTH,

and said Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 13 of Count XIII of Plaintiff's Second
Amended Complaint.

14.   That on or about October 15 and 16, 2008, and thereafter, Defendants, JOSEPH

ROSMAN, M.D., individually and MOUNT SINAI, by and through its employee, agent, and

servant, JOSEPH ROSMAN, M.D., and SINAI HEALTH, by and through its employee, agent

- 26 -

and servant, JOSEPH ROSMAN, M.D., carelessly and negligently:

    a.    Examined and treated MARIA QUINTANA;

    b.    Failed to recognize the signs and symptoms of a perforated jejunum;

    c.    Failed to call for a general surgeon to examine MARIA QUINTANA;

    d.    Delayed giving proper treatment to MARIA QUINTANA;

    e.    Failed to order the appropriate antibiotic therapy.

**ANSWER**:

    This defendant denies the allegations of Paragraph 14 of Count XIII of Plaintiff's Second Amended Complaint, including, but not limited to, subparagraphs "a" through "e."

    15.  As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendants, JOSEPH ROSMAN, M.D. individually and SINAI HEALTH, by and through its employee, agent, and servant, JOSEPH ROSMAN, M.D., and MOUNT SINAI, by and through its employee, agent and servant, JOSEPH ROSMAN, M.D., the perforation of Plaintiff's decedent's, MARIA QUINTANA, proximal jejunum was not diagnosed and remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis.

**ANSWER**:

    This defendant denies the allegations of Paragraph 15 of Count XIII of Plaintiff's Second Amended Complaint.

    16.  That thereby Plaintiffs decedent, MARIA QUINTANA, continued to suffer great pain, was permanently hindered from attending to her normal affairs and duties, was compelled to expend or became liable for large sums of money for the ongoing care and treatment of her injuries, and all of the foregoing continued until her death on October 18, 2008.

**ANSWER**:

This defendant denies the allegations of Paragraph 16 of Count XIII of Plaintiff's Second Amended Complaint.

17. That the Probate Court of Cook County entered an Order appointing Plaintiff,

MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA,

deceased, for the purpose of pursuing this cause of action.

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Count XIII of Plaintiff's Second Amended Complaint.

18. That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the

Estate of MARIA QUINTANA, deceased, brings this action pursuant to 755 ILCS 5/27-6, an act

generally known and commonly referred to as the Survival Act.

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 18 of Count XIII of Plaintiff's Second Amended Complaint constitute allegations requiring an answer by this defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together with costs.

## COUNT XIV

**WRONGFUL DEATH AGAINST AGAINST JOSEPH ROSMAN, M.D., MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL, and SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL**

1. - 6. Plaintiff hereby repeats and realleges paragraphs 1 and 5-9 as and for paragraphs

- 28 -

1 - 6 of this Count XIV.

**ANSWER**:

      This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count XIV of Plaintiff's Second Amended Complaint as if fully set forth herein.

      7.  That on and long prior to October 13, 2008 and thereafter, the Defendant,

JOSEPH ROSMAN, M.D., held himself out to the public generally and to the community in

which he practiced as a highly-skilled, well-qualified and competent physician.

**ANSWER**:

      This defendant admits the allegations of Paragraph 7 of Count XIV of Plaintiff's Second Amended Complaint.

      8.  That on and long prior to October 13, 2008, and thereafter, the Defendant, SINAI

HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as SINAI

HEALTH), held itself out to the public generally as a highly skilled, well-qualified and

competent medical facility providing services to persons in Cook County, State of Illinois.

**ANSWER**:

      This defendant denies the allegations of Paragraph 8 of Count XIV of Plaintiff's Second Amended Complaint.

      9.  That on and long prior to October 13, 2008, and thereafter, the Defendant,

MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI

HOSPITAL, (hereinafter referred to as MOUNT SINAI), held itself out to the public generally

as a highly skilled, well-qualified and competent medical facility providing services to persons

in Cook County, State of Illinois.

**ANSWER**:

This defendant denies the allegations of Paragraph 9 of Count XIV of Plaintiff's Second Amended Complaint.

10. That on and prior to October 13, 2008 and at all times relevant herein, the Defendant, JOSEPH ROSMAN, M.D., was an agent, employee and servant of the Defendant, SINAI HEALTH.

**ANSWER**:

This defendant denies the allegations of Paragraph 10 of Count XIV of Plaintiff's Second Amended Complaint.

11. That on and prior to October 13, 2008 and at all times relevant herein, the Defendant, JOSEPH ROSMAN, M.D., was an agent, employee and servant of the Defendant, MOUNT SINAI.

**ANSWER**:

This defendant denies the allegations of Paragraph 11 of Count XIV of Plaintiff's Second Amended Complaint.

12. That on or about October 15 and 16, 2008, Plaintiffs decedent, MARIA QUINTANA, was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care and treatment of Defendants, JOSEPH ROSMAN, M.D., and SINAI HEALTH, and said Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 12 of Count XIV of Plaintiff's Second Amended Complaint.

13. That on or about October 13, 2008, Plaintiff's decedent, MARIA QUINTANA, was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care

and treatment of Defendant, MOUNT SINAI and said Defendants accepted MARIA

QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 13 of Count XIV of Plaintiff's Second
Amended Complaint.

14. That on or about October 15 and 16, 2008, and thereafter, Defendants, JOSEPH

ROSMAN, M.D., individually and MOUNT SINAI, by and through its employees, agents, and

servant, JOSEPH ROSMAN, M.D , and SINAI HEALTH by and through its employee, agent

and servant, JOSEPH ROSMAN, M.D., carelessly and negligently:

    a.     Examined and treated MARIA QUINTANA;

    b.     Failed to recognize the signs and symptoms of a perforated jejunum;

    c.     Failed to call for a general surgeon to examine MARIA QUINTANA;

    d.     Delayed giving proper treatment to MARIA QUINTANA;

    e.     Failed to order the appropriate antibiotic therapy.

**ANSWER**:

This defendant denies the allegations of Paragraph 14 of Count XIV of Plaintiff's Second
Amended Complaint, including, but not limited to, subparagraphs "a" through "e."

15. As a direct and proximate result of one or more of the aforesaid wrongful acts or

omissions of the Defendants, JOSEPH ROSMAN, M.D., individually and MOUNT SINAI, by

and through its employee, agent, and servant, JOSEPH ROSMAN, M.D., and SINAI HEALTH

by its employee, agent and servant, JOSEPH ROSMAN, M.D., the perforation of Plaintiff's

decedent's, MARIA QUINTANA, proximal jejunum remained undiagnosed and untreated until

October 16, 2008 when it had caused extensive sepsis, thereby resulting in her death on October

18, 2008.

**ANSWER**:

    This defendant denies the allegations of Paragraph 15 of Count XIV of Plaintiff's Second
Amended Complaint.

    16. That the decedent, MARIA QUINTANA, left surviving her husband MIGUEL

SEVILLA, and her children, MARTHA SEVILLA, REYNA SEVILLA, JUAN CARLOS

SEVILLA and MIGUEL ANGEL SEVILLA who have suffered pecuniary damages and loss as a

result of the death of MARIA QUINTANA.

**ANSWER**:

    This defendant denies the allegations of Paragraph 16 of Count XIV of Plaintiff's Second
Amended Complaint.

    17. That the Probate Court of Cook County entered an Order appointing Plaintiff,

MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA,

deceased, for the purpose of pursuing this cause of action.

**ANSWER**:

    This Defendant does not have sufficient knowledge to form a belief as to the truth or
falsity of the allegations contained in Paragraph 17 of Count XIV of Plaintiff's Second Amended
Complaint.

    18. That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the

Estate of MARIA QUINTANA, deceased, brings this action as the duly Appointed Independent

Administrator of the Estate of MARIA QUINTANA, deceased, pursuant to the Illinois

Wrongful Death Statute, 740 ILCS 180/2.1 et. seq.

- 32 -

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 18 of Count XIV of Plaintiff's Second Amended Complaint constitute allegations requiring an answer by this defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together with costs.

## COUNT XV

### SURVIVAL ACTION AGAINST FAYEZ KHEIR, M.D., MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL, and SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL

1. - 6. Plaintiff hereby repeats and realleges paragraphs 1 and 5-9 as and for paragraphs

1 - 6 of this Count XV.

**ANSWER**:

This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count XV of Plaintiff's Second Amended Complaint as if fully set forth herein.

7. That on and long prior to October 13, 2008 and thereafter, the Defendant, FAYEZ

KHEIR, M.D., held himself out to the public generally and to the community in which he

practiced as a highly-skilled, well-qualified and competent physician.

**ANSWER**:

This defendant denies the allegations of Paragraph 7 of Count XV of Plaintiff's Second Amended Complaint.

8. That on and long prior to October 13, 2008, and thereafter, the Defendant,

MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a MOUNT SINAI

- 33 -

HOSPITAL, (hereinafter referred to as MOUNT SINAI), held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois

**ANSWER**:

This defendant denies the allegations of Paragraph 8 of Count XV of Plaintiff's Second Amended Complaint.

9. That on and long prior to October 13, 2008, and thereafter, the Defendant, SINAI HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as SINAI HEALTH), held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois

**ANSWER**:

This defendant denies the allegations of Paragraph 9 of Count XV of Plaintiff's Second Amended Complaint.

10. That on and prior to October 16, 2008 and at all times relevant herein, the Defendant, FAYEZ KHEIR, M.D., was a resident, agent, employee and servant of the Defendant, SINAI HEALTH.

**ANSWER**:

This defendant denies the allegations of Paragraph 10 of Count XV of Plaintiff's Second Amended Complaint.

11. That on and prior to October 16, 2008 and at all times relevant herein, the Defendant, FAYEZ KHEIR, M.D., was a resident, agent, employee and servant of the Defendant, MOUNT SINAI.

**ANSWER**:

- 34 -

This defendant admits only that Dr. Kheir was a resident at this defendant, but denies the remaining allegations of Paragraph 11 of Count XV of Plaintiff's Second Amended Complaint.

12. That on or about October 16, 2008, Plaintiff's decedent, MARIA QUINTANA, was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care and treatment of Defendants, FAYEZ KHEIR, M.D., and MOUNT SINAI and said Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 12 of Count XV of Plaintiff's Second Amended Complaint.

13. That on or about October 16, 2008, Plaintiff's decedent, MARIA QUINTANA, was an inpatient at MOUNT SINAI HOSPITAL and she came under the care and treatment of FAYEZ KHEIR, M.D., and SINAI HEALTH and said Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 13 of Count XV of Plaintiff's Second Amended Complaint.

14. That on or about October 16, 2008, and thereafter, Defendant, FAYEZ KHEIR, M.D., individually and MOUNT SINAI, by and through its resident, employee, agent, and servant, FAYEZ KHEIR, M.D., and SINAI HEALTH, by and through its resident, employee, agent and servant, FAYEZ KHEIR, M.D., carelessly and negligently:

    a.      Examined and treated MARIA QUINTANA;

    b.      Failed to recognize the signs and symptoms of a perforated jejunum;

    c.      Delayed giving proper treatment to MARIA QUINTANA;

- 35 -

d.      Failed to order the appropriate antibiotic therapy.

**ANSWER**:

This defendant denies the allegations of Paragraph 14 of Count XV of Plaintiff's Second Amended Complaint, including, but not limited to, subparagraphs "a" through "d.".

15.   As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendants, FAYEZ KHEIR, M.D., individually and MOUNT SINAI, by and through its resident, employee, agent, and servant, FAYEZ KHEIR, M.D., and SINAI HEALTH by and through its resident, employee, agent and servant, FAYEZ KHEIR, M.D., the perforation of Plaintiffs decedent's, MARIA QUINTANA, proximal jejunum remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis.

**ANSWER**:

This defendant denies the allegations of Paragraph 15 of Count XV of Plaintiff's Second Amended Complaint.

16.   That thereby Plaintiff's decedent, MARIA QUINTANA, continued to suffer great pain, was permanently hindered from attending to her normal affairs and duties, was compelled to expend or became liable for large sums of money for the ongoing care and treatment of her injuries, and all of the foregoing continued until her death on October 18, 2008.

**ANSWER**:

This defendant denies the allegations of Paragraph 16 of Count XV of Plaintiff's Second Amended Complaint.

17.   That the Probate Court of Cook County entered an Order appointing Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, for the purpose of pursuing this cause of action.

- 36 -

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Count XV of Plaintiff's Second Amended Complaint.

18. That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the

Estate of MARIA QUINTANA, deceased, brings this action pursuant to 755 ILCS 5/27-6, an act

generally known and commonly referred to as the Survival Act.

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 18 of Count XV of Plaintiff's Second Amended Complaint constitute allegations requiring an answer by this defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together with costs.

## COUNT XVI

### WRONGFUL DEATH AGAINST FAYEZ KHEIR, M.D., MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL, and SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL

1. - 6. Plaintiff hereby repeats and realleges paragraphs 1 and 5-9 as and for paragraphs

1 - 6 of this Count XVI.

**ANSWER**:

This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count XVI of Plaintiff's Second Amended Complaint as if fully set forth herein.

7. That on and long prior to October 13, 2008 and thereafter, the Defendant, FAYEZ

KHEIR, M.D., held himself out to the public generally and to the community in which he

- 37 -

practiced as a highly-skilled, well-qualified and competent physician.

**ANSWER**:

    This defendant denies the allegations of Paragraph 7 of Count XVI of Plaintiff's Second Amended Complaint.

    8. That on and long prior to October 13, 2008, and thereafter, the Defendant, SINAI

HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as SINAI

HEALTH), held itself out to the public generally as a highly skilled, well-qualified and

competent medical facility providing services to persons in Cook County, State of Illinois.

**ANSWER**:

    This defendant denies the allegations of Paragraph 8 of Count XVI of Plaintiff's Second Amended Complaint.

    9. That on and long prior to October 13, 2008, and thereafter, the Defendant,

MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI

HOSPITAL, (hereinafter referred to as MOUNT SINAI), held itself out to the public generally

as a highly skilled, well-qualified and competent medical facility providing services to persons

in Cook County, State of Illinois.

**ANSWER**:

    This defendant denies the allegations of Paragraph 9 of Count XVI of Plaintiff's Second Amended Complaint.

    10. That on and prior to October 13, 2008 and at all times relevant herein, the

Defendant, FAYEZ KHEIR, M.D., was a resident, agent, employee and servant of the

Defendant, SINAI HEALTH.

- 38 -

**ANSWER**:

This defendant denies the allegations of Paragraph 10 of Count XVI of Plaintiff's Second Amended Complaint.

11. That on and prior to October 13, 2008 and at all times relevant herein, the

Defendant, FAYEZ KHEIR, M.D., was a resident, agent, employee and servant of the

Defendant, MOUNT SINAI.

**ANSWER**:

This defendant admits only that Dr. Kheir was a resident at this defendant, but denies the remaining allegations of Paragraph 11 of Count XVI of Plaintiff's Second Amended Complaint.

12. That on or about October 16, 2008, Plaintiff's decedent, MARIA QUINTANA,

was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care

and treatment of Defendants, FAYEZ KHEIR, M.D., and SINAI HEALTH and said Defendants

accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 12 of Count XVI of Plaintiff's Second Amended Complaint.

13. That on or about October 16, 2008, Plaintiffs decedent, MARIA QUINTANA,

was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care

and treatment of Defendants, FAYEZ KHEIR, M.D., and MOUNT SINAI and said Defendants

accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 13 of Count XVI of Plaintiff's Second Amended Complaint.

14.  That on or about October 16, 2008, and thereafter, Defendants, FAYEZ KHEIR, M.D., individually and SINAI HEALTH, by and through its resident, employee, agent and servant, FAYEZ KHEIR, M.D., and SINAI HEALTH by and through its resident, employee, agent and servant, FAYEZ KHEIR, M.D., carelessly and negligently:

      a.      Examined and treated MARIA QUINTANA;

      b.      Delayed giving proper treatment to MARIA QUINTANA;

      c.      Failed to recognize the signs and symptoms of a perforated jejunum; and

      d.      Failed to order the appropriate antibiotic therapy.

**ANSWER**:

This defendant denies the allegations of Paragraph 14 of Count XVI of Plaintiff's Second Amended Complaint, including, but not limited to, subparagraphs "a" through "d.".

15.  As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendants, FAYEZ KHEIR, M.D., individually and MOUNT SINAI, by and through its resident, employee, agent, and servant, FAYEZ KHEIR, M.D , and SINAI HEALTH, by and through by and through its resident, employee, agent and servant, FAYEZ KHEIR, M.D., the perforation of Plaintiff's decedent's, MARIA QUINTANA, proximal jejunum was not diagnosed during the October 13, 2008 surgery and remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis, thereby resulting in her death on October 18, 2008.

**ANSWER**:

This defendant denies the allegations of Paragraph 15 of Count XVI of Plaintiff's Second Amended Complaint.

- 40 -

16.   That the decedent, MARIA QUINTANA, left surviving her husband MIGUEL

SEVILLA, and her children, MARTHA SEVILLA, REYNA SEVILLA, JUAN CARLOS

SEVILLA and MIGUEL ANGEL SEVILLA who have suffered pecuniary damages and loss as a

result of the death of MARIA QUINTANA.

**ANSWER**:

This defendant denies the allegations of Paragraph 16 of Count XVI of Plaintiff's Second
Amended Complaint.

17.   That the Probate Court of Cook County entered an Order appointing Plaintiff,

MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA,

deceased, for the purpose of pursuing this cause of action.

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or
falsity of the allegations contained in Paragraph 17 of Count XVI of Plaintiff's Second Amended
Complaint.

18.   That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the

Estate of MARIA QUINTANA, deceased, brings this action as the duly Appointed Independent

Administrator of the Estate of MARIA QUINTANA, deceased, pursuant to the Illinois

Wrongful Death Statute, 740 ILCS 180/2.1 et. seq.

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 18 of Count XVI of
Plaintiff's Second Amended Complaint constitute allegations requiring an answer by this
defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in
excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together
with costs.

- 41 -

## COUNT XVII

### SURVIVAL ACTION AGAINST JEVON TANG, M.D., MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL

1. - 6. Plaintiff hereby repeats and realleges paragraphs 1 and 5-9 as and for paragraphs

1 - 6 of this Count XVII.

**ANSWER**:

This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count XVII of Plaintiff's Second Amended Complaint as if fully set forth herein.

7. That on and long prior to October 13, 2008 and thereafter, the Defendant, JEVON

TANG, M.D., held himself out to the public generally and to the community in which he

practiced as a highly-skilled, well-qualified and competent physician.

**ANSWER**:

This defendant denies the allegations of Paragraph 7 of Count XVII of Plaintiff's Second Amended Complaint.

8. That on and long prior to October 13, 2008, and thereafter, the Defendant,

MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a MOUNT SINAI

HOSPITAL, (hereinafter referred to as MOUNT SINAI), held itself out to the public generally

as a highly skilled, well-qualified and competent medical facility providing services to persons

in Cook County, State of Illinois.

**ANSWER**:

This defendant denies the allegations of Paragraph 8 of Count XVII of Plaintiff's Second Amended Complaint.

9. That on and long prior to October 13, 2008, and thereafter, the Defendant, SINAI

HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as SINAI

HEALTH), held itself out to the public generally as a highly skilled, well-qualified and

competent medical facility providing services to persons in Cook County, State of Illinois

**ANSWER**:

This defendant denies the allegations of Paragraph 9 of Count XVII of Plaintiff's Second
Amended Complaint.

10. That on and prior to October 16, 2008 and at all times relevant herein, the

Defendant, JEVON TANG, M.D., was a resident, agent, employee and servant of the Defendant,

SINAI HEALTH.

**ANSWER**:

This defendant denies the allegations of Paragraph 10 of Count XVII of Plaintiff's
Second Amended Complaint.

11. That on and prior to October 16, 2008 and at alt times relevant herein, the

Defendant, JEVON TANG, M.D., was a resident, agent, employee and servant of the Defendant,

MOUNT SINAI.

**ANSWER**:

This defendant admits only that Dr. Tang was a resident at this defendant, but denies the
remaining allegations of Paragraph 11 of Count XVII of Plaintiff's Second Amended Complaint.

12. That on or about October 16, 2008, Plaintiffs decedent, MARIA QUINTANA,

was an inpatient at the Defendant, MOUNT SINAI HOSPITAL, following surgery and she came

under the care and treatment of Defendants, JEVON TANG, M.D., and MOUNT SINAI, and

said Defendants accepted MARIA QUINTANA as a patient for consideration.

- 43 -

**ANSWER**:

      This defendant denies the allegations of Paragraph 12 of Count XVII of Plaintiff's Second Amended Complaint.

      13.  That on or about October 16, 2008, Plaintiffs decedent, MARIA QUINTANA, was an inpatient at the Defendant, MOUNT SINAI HOSPITAL, following surgery and she came under the care and treatment of Defendants, JEVON TANG, M.D., and SINAI HEALTH, and said Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

      This defendant denies the allegations of Paragraph 13 of Count XVII of Plaintiff's Second Amended Complaint.

      14.  That on or about October 16, 2008, and thereafter, Defendant, JEVON TANG, M.D., individually and MOUNT SINAI, by and through its resident, employee, agent, and servant, JEVON TANG, M.D., and SINAI HEALTH by and through its resident, employee, agent and servant JEVON TANG, M.D., carelessly and negligently:

      a.    Examined and treated MARIA QUINTANA;

      b.    Failed to recognize the signs and symptoms of a perforated jejunum;

      c.    Delayed giving proper treatment to MARIA QUINTANA;

      d.    Failed to order the appropriate antibiotic therapy.

**ANSWER**:

      This defendant denies the allegations of Paragraph 14 of Count XVII of Plaintiff's Second Amended Complaint, including, but not limited to, subparagraphs "a" through "d."

      15.  As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendants, JEVON TANG, M.D., individually and MOUNT SINAI, by and

through its resident, employee, agent, and servant, JEVON TANG, M.D., and JEVON TANG,

M.D., and SINAI HEALTH by and through its resident, employee, agent and servant, JEVON

TANG, M.D., the perforation of Plaintiffs decedent's, MARIA QUINTANA, proximal jejunum

remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis.

**ANSWER**:

This defendant denies the allegations of Paragraph 15 of Count XVII of Plaintiff's
Second Amended Complaint.

16.  That thereby Plaintiffs decedent, MARIA QUINTANA, continued to suffer great

pain, was permanently hindered from attending to her normal affairs and duties, was compelled

to expend or became liable for large sums of money for the ongoing care and treatment of her

injuries, and all of the foregoing continued until her death on October 18, 2008.

**ANSWER**:

This defendant denies the allegations of Paragraph 16 of Count XVII of Plaintiff's
Second Amended Complaint.

17.  That the Probate Court of Cook County entered an Order appointing Plaintiff,

MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA,

deceased, for the purpose of pursuing this cause of action.

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or
falsity of the allegations contained in Paragraph 17 of Count XVII of Plaintiff's Second Amended
Complaint.

18.  That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the

Estate of MARIA QUINTANA, deceased, brings this action pursuant to 755 ILCS 5/27-6, an act

generally known and commonly referred to as the Survival Act.

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 18 of Count XVII of Plaintiff's Second Amended Complaint constitute allegations requiring an answer by this defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together with costs.

## COUNT XVIII

**WRONGFUL DEATH AGAINST JEVON TANG, M.D., MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL**

1. - 6.  Plaintiff hereby repeats and realleges paragraphs 1 and 5-9 as and for paragraphs 1 - 6 of this Count XVIII.

**ANSWER:**

This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count XVIII of Plaintiff's Second Amended Complaint as if fully set forth herein.

7.  That on and long prior to October 13, 2008 and thereafter, the Defendant, JEVON TANG, M.D., held himself out to the public generally and to the community in which he practiced as a highly-skilled, well-qualified and competent physician.

**ANSWER**:

This defendant denies the allegations of Paragraph 7 of Count XVIII of Plaintiff's Second Amended Complaint.

8.  That on and long prior to October 13, 2008, and thereafter, the Defendant, SINAI HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as SINAI HEALTH), held itself out to the public generally as a highly skilled, well-qualified and

competent medical facility providing services to persons in Cook County, State of Illinois.

**ANSWER**:

This defendant denies the allegations of Paragraph 8 of Count XVIII of Plaintiff's Second Amended Complaint.

9. That on and long prior to October 13, 2008, and thereafter, the Defendant,

MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI

HOSPITAL, (hereinafter referred to as MOUNT SINAI), held itself out to the public generally

as a highly skilled, well-qualified and competent medical facility providing services to persons

in Cook County, State of Illinois.

**ANSWER**:

This defendant denies the allegations of Paragraph 9 of Count XVIII of Plaintiff's Second Amended Complaint.

10. That on and prior to October 13, 2008 and at all times relevant herein, the

Defendant, JEVON TANG, M.D., was a resident, agent, employee and servant of the Defendant,

SINAI HEALTH.

**ANSWER**:

This defendant denies the allegations of Paragraph 10 of Count XVIII of Plaintiff's Second Amended Complaint.

11. That on and prior to October 13, 2008 and at all times relevant herein, the

Defendant, JEVON TANG, M.D., was a resident, agent, employee and servant of the Defendant,

MOUNT SINAI.

**ANSWER**:

This defendant admits only that Dr. Tang was a resident at this defendant, but denies the remaining allegations of Paragraph 11 of Count XVIII of Plaintiff's Second Amended Complaint.

- 47 -

12.  That on or about October 16, 2008, Plaintiff's decedent, MARIA QUINTANA, was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care and treatment of Defendants, JEVON TANG, M.D., and SINAI HEALTH, and said Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 12 of Count XVIII of Plaintiff's Second Amended Complaint.

13.  That on or about October 16, 2008, Plaintiff's decedent, MARIA QUINTANA, was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care and treatment of Defendants, JEVON TANG, M.D., and MOUNT SINAI, and said Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 13 of Count XVIII of Plaintiff's Second Amended Complaint.

14.  That on or about October 16, 2008, and thereafter, Defendants, JEVON TANG, M.D. individually and MOUNT SINAI, by and through its resident, employee, agent, and servant, JEVON TANG, M.D., and SINAI HEALTH by and through its resident, employee, agent and servant, JEVON TANG, M.D., carelessly and negligently:

    a.      Examined and treated MARIA QUINTANA;

    b.      Delayed giving proper treatment to MARIA QUINTANA;

    c.      Failed to recognize the signs and symptoms of a perforated jejunum; and

    d.      Failed to order appropriate antibiotic therapy.

- 48 -

**ANSWER**:

      This defendant denies the allegations of Paragraph 14 of Count XVIII of Plaintiff's Second Amended Complaint, including, but not limited to, subparagraphs "a" through "d."

      15.  As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendants, JEVON TANG, M.D., individually and MOUNT SINAI, by and through its resident, employee, agent, and servant, JEVON TANG, M.D., and SINAI HEALTH, by and through its resident, agent and servant, JEVON TANG, M.D., the perforation of Plaintiff's decedent's, MARIA QUINTANA, proximal jejunum remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis, thereby resulting in her death on October 18, 2008.

**ANSWER**:

      This defendant denies the allegations of Paragraph 15 of Count XVIII of Plaintiff's Second Amended Complaint.

      16.  That the decedent, MARIA QUINTANA, left surviving her husband MIGUEL SEVILLA, and her children, MARTHA SEVILLA, REYNA SEVILLA, JUAN CARLOS SEVILLA and MIGUEL ANGEL SEVILLA who have suffered pecuniary damages and loss as a result of the death of MARIA QUINTANA.

**ANSWER**:

      This defendant denies the allegations of Paragraph 16 of Count XVIII of Plaintiff's Second Amended Complaint.

      17.  That the Probate Court of Cook County entered an Order appointing Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, for the purpose of pursuing this cause of action.

- 49 -

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Count XVIII of Plaintiff's Second Amended Complaint.

18.  That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the

Estate of MARIA QUINTANA, deceased, brings this action as the duly Appointed Independent

Administrator of the Estate of MARIA QUINTANA, deceased, pursuant to the Illinois

Wrongful Death Statute, 740 ILCS 180/2.1 et. seq.

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 18 of Count XVIII of Plaintiff's Second Amended Complaint constitute allegations requiring an answer by this defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together with costs.

## COUNT XIX

### SURVIVAL ACTION AGAINST ANNA GEVORGYAN, M.D., MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL

1. - 6. Plaintiff hereby repeats and realleges paragraphs 1 and 5-9 as and for paragraphs

1 - 6 of this Count XIX.

**ANSWER**:

This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count XIX of Plaintiff's Second Amended Complaint as if fully set forth herein.

7.  That on and long prior to October 13, 2008 and thereafter, the Defendant, ANNA

GEVORGYAN, M.D., held herself out to the public generally and to the community in which

she practiced as a highly-skilled, ell-qualified and competent physician.

**ANSWER**:

This defendant denies the allegations of Paragraph 7 of Count XIX of Plaintiff's Second Amended Complaint.

8. That on and long prior to October 13, 2008, and thereafter, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as MOUNT SINAI), held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois.

**ANSWER**:

This defendant denies the allegations of Paragraph 8 of Count XIX of Plaintiff's Second Amended Complaint.

9. That on and long prior to October 13, 2008, and thereafter, the Defendant, SINAI HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as SINAI HEALTH), held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois

**ANSWER**:

This defendant denies the allegations of Paragraph 9 of Count XIX of Plaintiff's Second Amended Complaint.

10. That on and prior to October 16, 2008 and at all times relevant herein, the Defendant, ANNA GEVORGYAN, M.D., was a resident, agent, employee and servant of the Defendant, SINAI HEALTH.

- 51 -

**ANSWER**:

This defendant denies the allegations of Paragraph 10 of Count XIX of Plaintiff's Second Amended Complaint.

11. That on and prior to October 16, 2008 and at all times relevant herein, the

Defendant, ANNA GEVORGYAN, M.D., was a resident, agent, employee and servant of the

Defendant, MOUNT SINAI.

**ANSWER**:

This defendant admits only that Dr. Gevorgyan was a resident and employee of this defendant, but denies the remaining allegations of Paragraph 11 of Count XIX of Plaintiff's Second Amended Complaint.

12. That on or about October 16, 2008, Plaintiffs decedent, MARIA QUINTANA,

was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care

and treatment of Defendants, ANNA GEVORGYAN, M.D., and MOUNT SINAI and said

Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 12 of Count XIX of Plaintiff's Second Amended Complaint.

13. That on or about October 16, 2008, Plaintiff's decedent, MARIA QUINTANA,

was an inpatient at MOUNT SINAI HOSPITAL and she came under the care and treatment of

Defendants, ANNA GEVORGYAN, M.D., and SINAI HEALTH, and said Defendants accepted

MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 13 of Count XIX of Plaintiff's Second Amended Complaint.

14. That on or about October 16, 2008, and thereafter, Defendant, ANNA GEVORGYAN, M.D., individually and MOUNT SINAI, by and through its resident, employee, agent, and servant, ANNA GEVORGYAN, M.D., and SINAI HEALTH, by and through its resident, employee, agent and servant, ANNA GEVORGYAN, M.D., carelessly and negligently:

     a.     Examined and treated MARIA QUINTANA;

     b.     Failed to recognize the signs and symptoms of a. perforated jejunum;

     c.     Failed to call for a general surgeon to examine MARIA QUINTANA;

     d.     Delayed giving proper treatment to MARIA QUINTANA;

     e.     Failed to alert MARYAM SIDDIQUI, M.D., of MARIA QUINTANA'S worsening condition; and

     f.     Failed to alert any other physicians of MARIA QUINTANA'S worsening condition.

**ANSWER**:

This defendant denies the allegations of Paragraph 14 of Count XIX of Plaintiff's Second Amended Complaint, including, but not limited to, subparagraphs "a" through "f."

15. As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendants, ANNA GEVORGYAN, M.D., individually and MOUNT SINAI, by and through its resident, employee, agent, and servant, ANNA GEVORGYAN, M.D., and SINAI HEALTH by and through its resident, employee, agent and servant, ANNA GEVORGYAN, M.D., the perforation of Plaintiff's decedent's, MARIA QUINTANA, proximal jejunum remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis.

**ANSWER**:

This defendant denies the allegations of Paragraph 15 of Count XIX of Plaintiff's Second Amended Complaint.

16.  That thereby Plaintiff's decedent, MARIA QUINTANA, continued to suffer great pain, was permanently hindered from attending to her normal affairs and duties, was compelled to expend or became liable for large sums of money for the ongoing care and treatment of her injuries, and all of the foregoing continued until her death on October 18, 2008.

**ANSWER**:

This defendant denies the allegations of Paragraph 16 of Count XIX of Plaintiff's Second Amended Complaint.

17.  That the Probate Court of Cook County entered an Order appointing Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, for the purpose of pursuing this cause of action.

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Count XIX of Plaintiff's Second Amended Complaint.

18.  That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, brings this action pursuant to 755 ILCS 5/27-6, an act generally known and commonly referred to as the Survival Act.

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 18 of Count XIX of Plaintiff's Second Amended Complaint constitute allegations requiring an answer by this defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together with costs.

## COUNT XX

**WRONGFUL DEATH ACTIONAGAINST ANNA GEVORGYAN, M.D., MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL**

1. - 6.  Plaintiff hereby repeats and realleges paragraphs I and 5-9 as and for paragraphs 1 - 6 of this Count XX.

**ANSWER**:

This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count XX of Plaintiff's Second Amended Complaint as if fully set forth herein.

7.  That on and long prior to October 13, 2008 and thereafter, the Defendant, ANNA GEVORGYAN, M.D., held herself out to the public generally and to the community in which she practiced as a highly-skilled, well-qualified and competent physician.

**ANSWER**:

This defendant denies the allegations of Paragraph 7 of Count XX of Plaintiff's Second Amended Complaint.

8.  That on and long prior to October 13, 2008, and thereafter, the Defendant, SINAI HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as SINAI HEALTH), held itself out to the public generally as a highly skilled, well-qualified and competent medical facility providing services to persons in Cook County, State of Illinois.

**ANSWER**:

This defendant denies the allegations of Paragraph 8 of Count XX of Plaintiff's Second

- 55 -

Amended Complaint.

9. That on and long prior to October 13, 2008, and thereafter, the Defendant,

MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI

HOSPITAL, (hereinafter referred to as MOUNT SINAI), held itself out to the public generally

as a highly skilled, well-qualified and competent medical facility providing services to persons

in Cook County, State of Illinois.

**ANSWER**:

This defendant denies the allegations of Paragraph 9 of Count XX of Plaintiff's Second
Amended Complaint.

10. That on and prior to October 13, 2008 and at all times relevant herein, the

Defendant, ANNA GEVORGYAN, M.D., was a resident, agent, employee and servant of the

Defendant, SINAI HEALTH.

**ANSWER**:

This defendant denies the allegations of Paragraph 10 of Count XX of Plaintiff's Second
Amended Complaint.

11. That on and prior to October 13, 2008 and at all times relevant herein, the

Defendant, ANNA GEVORGYAN, M.D., was a resident, agent, employee and servant of the

Defendant, MOUNT SINAI.

**ANSWER**:

This defendant admits only that Dr. Gevorgyan was a resident and employee of this
defendant, but denies the remaining allegations of Paragraph 11 of Count XX of Plaintiff's
Second Amended Complaint.

12. That on or about October 16, 2008, Plaintiff's decedent, MARIA QUINTANA,

was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care

- 56 -

and treatment of Defendants, ANNA GEVORGYAN, M.D., and SINAI HEALTH and said

Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

    This defendant denies the allegations of Paragraph 12 of Count XX of Plaintiff's Second Amended Complaint.

    13.  That on or about October 16, 2008, Plaintiff's decedent, MARIA QUINTANA,

was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care

and treatment of Defendants, ANNA GEVORGYAN, M.D., and MOUNT SINAI and said

Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

    This defendant denies the allegations of Paragraph 13 of Count XX of Plaintiff's Second Amended Complaint.

    14.  That on or about October 16, 2008, and thereafter, Defendants, ANNA

GEVORGYAN, M.D., individually and MOUNT SINAI, by and through its resident, employee,

agent, and servant, ANNA GEVORGYAN, M.D., and SINAI HEALTH by and through its

resident, employee, agent and servant, ANNA GEVORGYAN, M.D., carelessly and negligently:

    a.    Examined and treated MARIA QUINTANA;

    b.    Failed to call for a general surgeon to examine MARIA QUINTANA;

    c.    Delayed giving proper treatment to MARIA QUINTANA;

    d.    Failed to recognize the signs and symptoms of a perforated jejunum;

    e.    Failed to alert MARYAM SIDDIQUI, M.D., of MARIA QUINTANA'S worsening condition; and

    f.    Failed to alert any other physicians of MARIA QUINTANA'S worsening condition.

**ANSWER**:

This defendant denies the allegations of Paragraph 14 of Count XX of Plaintiff's Second Amended Complaint, including, but not limited to, subparagraphs "a" through "f."

15. As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendants, ANNA GEVORGYAN, M.D., individually and MOUNT SINAI, by and through its resident, employee, agent, and servant, ANNA GEVORGYAN, M.D. and SINAI HEALTH by and through its resident, employee, agent and servant ANNA GEVORGYAN, M.D., the perforation of Plaintiff's decedent's, MARIA QUINTANA, proximal jejunum remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis, thereby resulting in her death on October 18, 2008.

**ANSWER**:

This defendant denies the allegations of Paragraph 15 of Count XX of Plaintiff's Second Amended Complaint.

16. That the decedent, MARIA QUINTANA, left surviving her husband MIGUEL SEVILLA, and her children, MARTHA SEVILLA, REYNA SEVILLA, JUAN CARLOS SEVILLA and MIGUEL ANGEL SEVILLA who have suffered pecuniary damages and loss as a result of the death of MARIA QUINTANA.

**ANSWER**:

This defendant denies the allegations of Paragraph 16 of Count XX of Plaintiff's Second Amended Complaint.

17. That the Probate Court of Cook County entered an Order appointing Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA,

- 58 -

deceased, for the purpose of pursuing this cause of action.

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Count XX of Plaintiff's Second Amended Complaint.

18. That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the

Estate of MARIA QUINTANA, deceased, brings this action as the duly Appointed Independent

Administrator of the Estate of MARIA QUINTANA, deceased, pursuant to the Illinois

Wrongful Death Statute, 740 ILCS 180/2.1 et. seq.

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 18 of Count XX of Plaintiff's Second Amended Complaint constitute allegations requiring an answer by this defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together with costs.

## COUNT XXI

### SURVIVAL ACTION AGAINST ANITA HOLTZ, M.D., and
### THE MOUNT SINAI COMMUNITY FOUNDATION

Count XXI of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

## COUNT XXII

### WRONGFUL DEATH ACTION AGAINST ANITA HOLTZ, M.D., and
### THE MOUNT SINAI COMMUNITY FOUNDATION

Count XXII of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant.

Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

## COUNT XXIII

### SURVIVAL ACTION AGAINST ANITA HOLTZ, M.D., MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL, and SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL

1. - 6. Plaintiff hereby repeats and realleges paragraphs 1 and 5-9 as and for paragraphs

1 - 6 of this Count XXIII

**ANSWER**:

This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count XXIII of Plaintiff's Second Amended Complaint as if fully set forth herein.

7. That on and long prior to October 13, 2008 and thereafter, the Defendant, ANITA

HOLTZ, M.D., held herself out to the public generally and to the community in which she

practiced as a highly-skilled, well-qualified and competent physician.

**ANSWER**:

This defendant denies the allegations of Paragraph 7 of Count XXIII of Plaintiff's Second Amended Complaint.

8. That on and long prior to October 13, 2008, and thereafter, the Defendant,

MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a MOUNT SINAI

HOSPITAL, (hereinafter referred to as MOUNT SINAI), held itself out to the public generally

as a highly skilled, well-qualified and competent medical facility providing services to persons

in Cook County, State of Illinois.

**ANSWER**:

- 60 -

This defendant denies the allegations of Paragraph 8 of Count XXIII of Plaintiff's Second Amended Complaint.

9. That on and long prior to October 13, 2008, and thereafter, the Defendant, SINAI

HEALTH SYSTEM, d/b/a MOUNT SINAI HOSPITAL, (hereinafter referred to as SINAI

HEALTH), held itself out to the public generally as a highly skilled, well-qualified and

competent medical facility providing services to persons in Cook County, State of Illinois.

**ANSWER**:

This defendant denies the allegations of Paragraph 9 of Count XXIII of Plaintiff's Second Amended Complaint.

10. That on and prior to October 13, 2008 and at all times relevant herein, the

Defendant, ANITA HOLTZ, M.D., was an agent, employee and servant of the Defendant,

MOUNT SINAI.

**ANSWER**:

This defendant denies the allegations of Paragraph 10 of Count XXIII of Plaintiff's Second Amended Complaint.

11. That on and prior to October 13, 2008 and at all times relevant herein, the

Defendant, ANITA HOLTZ, M.D., was an agent, employee and servant of the Defendant, SINAI

HEALTH.

**ANSWER**:

This defendant denies the allegations of Paragraph 11 of Count XXIII of Plaintiff's Second Amended Complaint.

12. That on or about October 16, 2008, Plaintiffs decedent, MARIA QUINTANA,

was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care

of and treatment of ANITA HOLTZ, M.D., and MOUNT SINAI, and said Defendants accepted

- 61 -

MARIA QUINTANA as a patient for consideration.

**ANSWER**:

  This defendant denies the allegations of Paragraph 12 of Count XXIII of Plaintiff's Second Amended Complaint.

  13. That on or about October 16, 2008, Plaintiff's decedent, MARIA QUINTANA, was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care and treatment of ANITA HOLTZ, M.D., and SINAI HEALTH, and said Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

  This defendant denies the allegations of Paragraph 13 of Count XXIII of Plaintiff's Second Amended Complaint.

  14. That on or about October 16, 2008, and thereafter, Defendant, ANITA HOLTZ, M.D., individually and MOUNT SINAI, by and through its employee, agent, and servant, ANITA HOLTZ, M.D., and SINAI HEALTH, by and through its employee, agent and servant, ANITA HOLTZ, M.D., carelessly and negligently:

  a.  Examined and treated MARIA QUINTANA;

  b.  Failed to recognize the signs and symptoms of a perforated jejunum;

  c.  Failed to call for a general surgeon to examine MARIA QUINTANA;

  d.  Delayed giving proper treatment to MARIA QUINTANA.

  e.  Failed to order the appropriate antibiotic therapy.

**ANSWER**:

  This defendant denies the allegations of Paragraph 14 of Count XXIII of Plaintiff's Second Amended Complaint, including, but not limited to, subparagraphs "a" through "e."

15. As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendants, ANITA HOLTZ, M.D. individually and SINAI HEALTH, by and through its employee, agent, and servant, ANITA HOLTZ, M.D., and MOUNT SINAI, by and through its employee, agent and servant, ANITA HOLTZ, M.D., the perforation of Plaintiff's decedent's, MARIA QUINTANA, proximal jejunum was not diagnosed and remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis.

**ANSWER**:

This defendant denies the allegations of Paragraph 15 of Count XXIII of Plaintiff's Second Amended Complaint.

16. That thereby Plaintiff's decedent, MARIA QUINTANA, continued to suffer great pain, was permanently hindered from attending to her normal affairs and duties, was compelled to expend or became liable for large sums of money for the ongoing care and treatment of her injuries, and all of the foregoing continued until her death on October 18, 2008.

**ANSWER**:

This defendant denies the allegations of Paragraph 16 of Count XXIII of Plaintiff's Second Amended Complaint.

17. That the Probate Court of Cook County entered an Order appointing Plaintiff, MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA, deceased, for the purpose of pursuing this cause of action.

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Count XXIII of Plaintiff's Second Amended Complaint.

18.  That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the

Estate of MARIA QUINTANA, deceased, brings this action pursuant to 755 ILCS 5/27-6, an act

generally known and commonly referred to as the Survival Act.

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 18 of Count XXIII of Plaintiff's Second Amended Complaint constitute allegations requiring an answer by this defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together with costs.

## COUNT XXIV

### WRONGFUL DEATH AGAINST ANITA HOLTZ, M.D., MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL, and SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL

1. - 6.  Plaintiff hereby repeats and realleges paragraphs 1 and 5-9 as and for paragraphs

1 - 6 of this Count XXIV.

**ANSWER**:

This defendant repeats and incorporates herein by reference its answers to Paragraphs 1 and 5-9 of Plaintiff's Second Amended Complaint as its answers to Paragraphs 1 through 6 of Count XXIV of Plaintiff's Second Amended Complaint as if fully set forth herein.

7.  That on and long prior to October 13, 2008 and thereafter, the Defendant, ANITA

HOLTZ, M.D., held herself out to the public generally and to the community in which she

practiced as a highly-skilled, well-qualified and competent physician.

**ANSWER**:

This defendant denies the allegations of Paragraph 7 of Count XXIV of Plaintiff's Second

- 64 -

Amended Complaint.

8. That on and long prior to October 13, 2008, and thereafter, the Defendant, SINAI

HEALTH SYSTEM, d/b/a/a MOUNT SINAI HOSPITAL, (hereinafter referred to as SINAI

HEALTH), held itself out to the public generally as a highly skilled, well-qualified and

competent medical facility providing services to persons in Cook County, State of Illinois.

**ANSWER**:

This defendant denies the allegations of Paragraph 8 of Count XXIV of Plaintiff's Second
Amended Complaint.

9. That on and long prior to October 13, 2008, and thereafter, the Defendant,

MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI

HOSPITAL, (hereinafter referred to as MOUNT SINAI), held itself out to the public generally

as a highly skilled, well-qualified and competent medical facility providing services to persons

in Cook County, State of Illinois

**ANSWER**:

This defendant denies the allegations of Paragraph 9 of Count XXIV of Plaintiff's Second
Amended Complaint.

10. That on and prior to October 13, 2008 and at all times relevant herein, the

Defendant, ANITA HOLTZ, M.D., was an agent, employee and servant of the Defendant, SINAI

HEALTH.

**ANSWER**:

This defendant denies the allegations of Paragraph 10 of Count XXIV of Plaintiff's
Second Amended Complaint.

11. That on and prior to October 13, 2008 and at all times relevant herein, the Defendant, ANITA HOLTZ, M.D., was an agent, employee and servant of the Defendant, MOUNT SINAI.

**ANSWER**:

This defendant denies the allegations of Paragraph 11 of Count XXIV of Plaintiff's Second Amended Complaint.

12. That on or about October 16, 2008, Plaintiff's decedent, MARIA QUINTANA, was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care and treatment of Defendants, ANITA HOLTZ, M.D., and SINAI HEALTH, and said Defendants accepted MARIA QUINTANA as a patient for consideration.

**ANSWER**:

This defendant denies the allegations of Paragraph 12 of Count XXIV of Plaintiff's Second Amended Complaint.

13. That on or about October 16, 2068, Plaintiff's decedent, MARIA QUINTANA, was an inpatient at MOUNT SINAI HOSPITAL following surgery and she came under the care and treatment of Defendant, MOUNT SINAI and said Defendants accepted MARIA QUINTANA as a patient for consideration

**ANSWER**:

This defendant denies the allegations of Paragraph 13 of Count XXIV of Plaintiff's Second Amended Complaint.

14. That on or about October 16, 2008, and thereafter, Defendants, ANITA HOLTZ, M.D., individually and MOUNT SINAI, by and through its employee, agent, and servant, ANITA HOLTZ, M.D., and SINAI HEALTH by and through its employee, agent and servant,

- 66 -

ANITA HOLTZ, M.D., carelessly and negligently:

    a.      Examined and treated MARIA QUINTANA;

    b.      Failed to recognize the signs and symptoms of a perforated jejunum;

    c.      Failed to call for a general surgeon to examine MARIA QUINTANA;

    d.      Delayed giving proper treatment to MARIA QUINTANA;

    e.      Failed to order the appropriate antibiotic therapy.

**ANSWER**:

This defendant denies the allegations of Paragraph 14 of Count XXIV of Plaintiff's Second Amended Complaint, including, but not limited to, subparagraphs "a" through "e."

15.  As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendants, ANITA HOLTZ, M.D., individually and MOUNT SINAI, by and through its employee, agent, and servant, ANITA HOLTZ, M.D., and SINAI HEALTH by and through its employee, agent and servant, ANITA HOLTZ, M.D., the perforation of Plaintiff's decedent's, MARIA QUINTANA'S, proximal jejunum remained undiagnosed and untreated until October 16, 2008 when it had caused extensive sepsis, thereby resulting in her death on October 18, 2008.

**ANSWER**:

This defendant denies the allegations of Paragraph 15 of Count XXIV of Plaintiff's Second Amended Complaint.

16.  That the decedent, MARIA QUINTANA, left surviving her husband MIGUEL SEVILLA, and her children, MARTHA SEVILLA, REYNA SEVILLA, JUAN CARLOS SEVILLA and MIGUEL ANGEL SEVILLA who have suffered pecuniary damages and loss as a result of the death of MARIA QUINTANA.

- 67 -

**ANSWER**:

This defendant denies the allegations of Paragraph 16 of Count XXIV of Plaintiff's Second Amended Complaint.

17.  That the Probate Court of Cook County entered an Order appointing Plaintiff,

MARTHA SEVILLA, as Independent Administrator of the Estate of MARIA QUINTANA,

deceased, for the purpose of pursuing this cause of action.

**ANSWER**:

This Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Count XXIV of Plaintiff's Second Amended Complaint.

18.  That the Plaintiff, MARTHA SEVILLA, as Independent Administrator of the

Estate of MARIA QUINTANA, deceased, brings this action as the duly Appointed Independent

Administrator of the Estate of MARIA QUINTANA, deceased, pursuant to the Illinois

Wrongful Death Statute, 740 ILCS 180/2.1 et. seq.

**ANSWER**:

This defendant denies that the matters set forth in Paragraph 18 of Count XXIV of Plaintiff's Second Amended Complaint constitute allegations requiring an answer by this defendant.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together with costs.

## COUNT XXV

### SURVIVAL ACTION AGAINST JEVON TANG, M.D., and ROSALIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE

Count XXV of Plaintiff's Second Amended Complaint is not directed towards this

- 68 -

defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

## COUNT XXVI

### WRONGFUL DEATH ACTION AGAINST JEVON TANG, M.D., and ROSALIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE

Count XXVI of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

**WHEREFORE**, this defendant denies that Plaintiff is entitled to recover an amount in excess of $75,000 or any amount whatsoever and prays that this matter be dismissed, together with costs.

## COUNT XXVII

### SURVIVAL ACTION AGAINST FAYEZ KHEIR, M.D., and ROSALIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE

Count XXVII of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

## COUNT XXVIII

### WRONGFUL DEATH AGAINST FAYEZ KHEIR, M.D., and ROSALIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE

Count XXVIII of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

## COUNT XXIX

### SURVIVAL ACTION AGAINST ANITA HOLTZ, M.D., and ROSALIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE

Count XXIX of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

## COUNT XXX

### WRONGFUL DEATH ACTION AGAINST ANITA HOLTZ, M.D., and ROSALIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE

Count XXX of Plaintiff's Second Amended Complaint is not directed towards this defendant, and the ad damnum provisions of this count seek no relief from this defendant. Accordingly, this defendant makes no answer to this count and denies that it is obligated to do so.

Respectfully submitted,

**ANDERSON, RASOR & PARTNERS, LLP**

/s/ Jason A. Parson
Jason A. Parson
Attorney for Defendant
**MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO**

**ANDERSON, RASOR & PARTNERS, LLP**
100 S. Wacker Drive, 10th Floor
Chicago, IL 60606
312-673-7812 (Jason A. Parson)
Attorney I.D. 41529

- 70 -

STATE OF ILLINOIS       )
                              ) SS
COUNTY OF COOK      )

<u>CERTIFICATE OF SERVICE</u>

I, Nancy Biber, a non-attorney on oath state that I caused a copy of the foregoing **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT,** to be served upon:

**SEE ATTACHED SERVICE LIST**

by depositing a copy of same in the U.S. Mail chute located at 100 S. Wacker Drive, Chicago, IL 60606 with  proper prepaid first class postage before the hour of 4:30 p.m. on this _10_ day of August, 2011.

Subscribed and Sworn to before me this _10_ day of August, 2011.

Notary Public

ANDERSON, RASOR & PARTNERS, LLP
100 S. Wacker Drive, 10th Floor
Chicago, IL 60606
(312) 673-7812 (Jason A. Parson)
Atty No.  41529

"OFFICIAL SEAL"
LISA SKODA
Notary Public, State of Illinois
My Commission Expires 10/13/12

<u>QUINTANA/SEVILLA</u>

**File No.  725010-0128**          **Court No.  10-cv-8165**

## ATTORNEY FOR PLAINTIFF

Frank C. Marino
Marino & Simonetti
134 N. LaSalle Street
Suite 1450
Chicago, IL 60602
312-920-9302
312-920-9305 - fax

## ATTORNEY FOR ANNA GEVORGYAN, M.D.

Randy Gudmundson
Sherry A. Mundorff
Kominiarek Bresler Harvick & Gudmundson
33 N. Dearborn Street
Suite 700
Chicago, IL 60602
312-322-1111
312-782-1432 - fax

## ATTORNEYS FOR DR. JOSEPH ROSSMAN and THE MOUNT SINAI COMMUNITY FOUNDATION

Todd Stalmack     (Direct: 312-422-0975)
Daniel Cozzi
Dick Donohue
Donohue Brown
140 S. Dearborn Street
Suite 800
Chicago, IL  60603
312-422-0900
312-422-0909 - fax
ISMIE NO.  108236

## ATTORNEYS FOR DR. ANITA HOLTZ, M.D., FAYEZ KHEIR, M.D., ROSLIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE, JEVON TANG, M.D.

Greg Schiller (Sherry)
Johnson & Bell
33 W. Monroe Street
Suite 2700
Chicago, IL 60603
312-372-0770
312-372-9818 - fax